IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | |
|---|---|
| HENRY HORALD WHITE | * |
| Plaintiff, | * |
| v. | *   1:08-CV-10-MEF |
| | (WO) |
| PARKMAN, ADAMS, WHITE, LLC, | * |
| *et al.*, | |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, filed this 42 U.S.C. § 1983 action on January 3, 2008. He complains that his constitutional rights were violated when he was subjected to an unlawful search and seizure and an illegal arrest and detention in September 2007. Plaintiff also complains that he is being subjected to unconstitutional conditions of confinement at the county jail.

Plaintiff brings this complaint for declaratory and injunctive relief, and damages against the law firm of Parkman, Adams, & White, LLC, Houston County Sheriff employees Andy Hughes, John Powell, and T. Fitzgerald, Carla Woodall, Circuit Court Clerk for Houston County, attorney Mark Johnson, and investigator John Adkins. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires

## I. DISCUSSION

*A. Claims Against Defense Counsel Mark Johnson and Parkman, Adams, & White LLC*

Plaintiff complains that Mark Johnson, the attorney appointed to represent him on the criminal charges pending against him, has provided ineffective assistance. Plaintiff also brings suit against Defendant Johnson's law firm, Parkman, Adams, & White, LLC.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person[/entity] who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original); *Rayburn ex rel. Rayburn v. Hogue*, 241 F3d 1341, 1347-48 (11th Cir. 2001). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."); *Otworth v. Vaderploeg*, 61 F. Appx. 163, 165 (6th Cir. 2003) ( "A lawyer representing a client is not,

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983 ."). Similarly, there is no allegation much less indication that Parkman, Adams, & White, LLC, acts under color of state law and/or may be considered a state actor.

Since the conduct about which Plaintiff complains was not committed by a person or entity acting under color of state law, the § 1983 claims asserted against Defendants Johnson and his law firm are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Plaintiff's claims against these defendants are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

*B The Request to File Criminal Charges*

Plaintiff requests that Defendants Powell and Hughes be arrested on criminal charges for conspiracy, kidnapping, and perjury. Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct, nor, as a private citizen, can he commence criminal proceedings on his own. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa. 1974) (same). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Such decision is not generally subject to judicial review. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977).

Consequently, Plaintiff's request that criminal charges be initiated against Defendants Hughes and Powell is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke* 490 U.S. at 325.

## C. Circuit Clerk Carla Woodall

Plaintiff names the Clerk of the Houston County Circuit Court as a defendant but does not specifically state a cause of action against this individual. The court notes, however, that when a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). In light of the foregoing, the court concludes that Plaintiff's complaint against Defendant Woodall is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Parkman, Adams, & White, LLC, Carla Woodall, and Mark Johnson be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and/or (iii);

2. Defendants Parkman, Adams, & White, LLC, Carla Woodall, and Mark Johnson be DISMISSED as parties to this case;

3. Plaintiff's request to press criminal charges against Defendants Powell and Hughes be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4. Plaintiff's complaint against the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **January 23, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of January 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE