IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE            )
                             )
            PLAINTIFF,        )
                             )
v.                           )        CASE NO.  1:08 CV-10-MEF
                             )
PARKMAN ADAMS, WHITE, LLC,   )
*et al.*,                    )
                             )
            DEFENDANTS.       )

## SPECIAL REPORT TO MAGISTRATE

Come now the Defendants, John Powell and Jason Adkins, pursuant to this Court's Order of January 10, 2008, and would submit their Special Report as follows:

(1)  The Plaintiff Henry Harold White is a pretrial detainee being held in the Houston County jail on two charges of unlawful possession of a controlled substance.  (Ex. "A", Case Action Summary; Ex. "B", Case Action Summary).

(2)  On September 6, 2007, Corporal Jason Adkins (hereinafter "Adkins") received information from a confidential informant that drugs were being sold from 713 N. Cherry Street, Apartment 3, Dothan, Alabama.  At approximately 8:00 P.M., Adkins had his informant purchase $20.00 worth of crack cocaine from the occupant in Apartment 3.  (Ex. "C", Affidavit of Adkins).  Adkins then obtained a

search warrant from Judge Brad Mendheim.  (Ex. "D", Search Warrant).  It was later determined that the search warrant was dated August 21, 2007.  This was a typographical error.  The search warrant was issued by Judge Mendheim on September 6, 2007, at 8:48 P.M. (Ex. "E", Affidavit of Mendheim; Ex. "C" Affidavit of Adkins).  After Adkins obtained the search warrant, he contacted other narcotics officers to assist in executing the search warrant.  (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin; Ex. "G, Affidavit of Parrish).

The apartment had an internal wood door, with an exterior metal security door.  This made it impossible for the officers to make a quick entry into the house to execute the search warrant.  (Ex. "F, Affidavit of Martin; Ex. "C, Affidavit of Adkins; and, Ex. "G, Affidavit of Parrish).  The narcotics officers had uniformed patrol officers approach the front door and ask the occupant, later identified as Henry Horald White, (hereinafter "White") to step outside and talk to them.  However, White responded he had to put on some clothes, and walked away without ever opening the metal security door.  (Ex. "H", Affidavit of Cain).  White eventually returned and opened the metal security door and narcotics officers served the search warrant.  The officers found pieces of crack cocaine in the bathroom around the toilet, as well as on the kitchen and living room floor leading toward the bathroom.  (Ex. "H", Affidavit of Cain; Ex. "F, Affidavit of Martin; Ex. "G", Affidavit of Parrish; and, Ex. "C", Affidavit of Adkins).  After Officer

Adkins photographed the scene, he collected the drugs and field-tested samples which were positive for cocaine. (Ex. "C", Affidavit of Adkins). The officers believed that White destroyed a quantity of drugs before allowing the officers into the home. (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin; and, Ex. "G", Affidavit of Parrish). White was arrested for unlawful possession of a controlled substance and transported to the Dothan City Jail for processing. After Adkins obtained the warrant, White was transferred to the Houston County jail. The officers did not seize or remove any money from Mr. White or his home. (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin; and, Ex. "G", Affidavit of Parrish). The drugs were sent to the Alabama Department of Forensic Science where they were analyzed and tested positive for cocaine and marijuana. (Ex. "I", lab analysis). White was released on bond from the Houston County Jail on September 7, 2007. (Ex. "C", Affidavit of Adkins; Ex. "A", Case Action Summary). Adkins had a valid search warrant to enter the apartment and probable cause to arrest White. Adkins did not violate White's constitutional rights, nor did he falsely imprison him. Chief John Powell was not present, nor did he have any involvement in the search of the apartment or the arrest of White. (Ex. "J", Affidavit of John Powell; Ex. "F", Affidavit of Martin; and, Ex. "C", Affidavit Adkins).

(3)  On September 20, 2007, Adkins was contacted by a reliable informant who told him drugs were again being sold out of White's apartment at 713 N. Cherry Street, Apt. 3.  Adkins provided the informant with $20.00 to purchase crack cocaine.  At approximately 6:15 P.M. the informant purchased drugs from White's apartment and the drugs field-tested positive for cocaine.  (Ex. "C", Affidavit of Adkins).  Adkins then contacted Judge Brad Mendheim, and obtained a search warrant for White's apartment at approximately 7:50 P.M.  (Ex. "K", Search Warrant; Ex. "C", Affidavit of Adkins).

Adkins spoke to his Supervisor, Sgt. Andy Martin, about executing the warrant and the difficulty in getting into the apartment.  (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin).  The officers believed that as soon as they announced their presence, White would again dispose of the drugs.  Sgt. Martin contacted members of the Dothan Special Response Team and asked for their assistance in serving the search warrant.  (Ex. "F", Affidavit of Martin).  Two members of the Special Response Team, Officers Ken Long and Jeremy Kendrick accompanied the narcotics officers to the apartment.  Officer Long provided the narcotics unit with a halligan tool[1] to force open the metal security door.  Sgt. Martin told Officers Long and Kendrick to take a position by the bathroom window and if anyone entered bathroom while they were trying to breach the door,

---

[1]A halligan tool is designed for use by law enforcement and fire/rescue personnel for forcible entry into doors, windows, vehicles and other locked structures.

to deploy a flash bang[2] in the bathroom.  Officers Long and Kendrick took a position outside the bathroom window and prepared to deploy a distraction device known as a flash bang.  When the officer announced "police, search warrant" White ran into the bathroom and Officer Long deployed a flash bang through the window into the bathroom.  They hoped this would disorient and distract White long enough for the officers to get through the metal security door.  When the flash bang went off, White retreated from the bathroom and shut the door behind him.  (Ex. "L", Affidavit of Long).  Officer Long deployed two additional flash bangs to keep White out of the bathroom.  The narcotics officers were able to force open the security door and enter the apartment.  White was secured and the apartment was searched.  (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin; and, Ex. "G", Affidavit of Parrish).  Officer Long entered the apartment to recover the flash bang canisters from the bathroom and discovered crack cocaine on the bathroom floor around the toilet.  (Ex. "L", Affidavit of Long).  Officers found drugs in the living room and a 7-Up can with a false compartment, which contained some cocaine.  (Ex. "C", Affidavit of Adkins; Ex. "F", Affidavit of Martin; and, Ex. "G", Affidavit of Parrish).  The scene was photographed, as was the damage to the security door and the broken bathroom window.  Adkins field-tested some of the drugs found in the apartment and they were positive for cocaine.  The drugs were

---

[2] A flash bang is a noise and light diversionary device.  The device emits a loud bang and a flash of white light.  The device is primarily used to distract and disorient an individual when police officers attempt to enter a home.

then seized and sent to the Alabama Department of Forensic Science for testing. (Ex. "M", lab analysis). White was arrested without incident and charged with unlawful possession of a controlled substance. The officers did not seize or remove any money from White or his apartment. Chief John Powell was not present, nor did he have any involvement in the search of the apartment or the arrest of White. (Ex. "J", Affidavit of John Powell; Ex. "F", Affidavit of Martin; and, Ex. "C", Affidavit of Adkins).

(4)  Adkins had sufficient probable cause to arrest White for possession of a controlled substance. Therefore, Adkins did not unlawfully arrest, falsely imprison, or violate White's civil rights in any manner when he arrested him for possession of a controlled substance on September 6, 2007, or on September 20, 2007. Further, Adkins did not use any force against White whatsoever. White was not injured, nor did he complain of any injury as a result of his arrest. (Ex. "C", Affidavit of Adkins; Ex. "G", Affidavit of Martin; and, Ex. "G", Affidavit of Parrish).

(5)  After White's September 20, 2007, arrest, the Dothan Eagle Newspaper published a story noting that White had been arrested twice within one month for possession of a controlled substance. This statement was attributed to John Powell, the City of Dothan Police Chief. This was a true and correct statement of facts. (Ex. "J", Affidavit of Powell). The Dothan Eagle then listed the first arrest

as occurring on August 21, 2007, which was the typographical error listed on the

first search warrant.   White was in fact arrested the first time September 6, 2007.

White has no facts to support his claim of slander and liable against John Powell or

Jason Adkins.

(6)   Both Defendants John Powell and Jason Adkins are entitled to qualified

immunity.  White is alleging he was unlawfully arrested and subjected to an

unlawful search, in violation of the Fourth Amendment.  During both these

incidents, Adkins had probable cause to search the apartment and had been granted

a search warrant by a Houston County District Judge.  When Adkins found drugs

in the apartment he had probable cause to arrest White.  Probable cause is an

absolute bar to Fourth Amendment liability.  Marx v. Gombinner, 905 F.2d 1503,

1505-6 (11th Cir. 1990).  Probable cause exists, if, at the moment the arrest is

made, the facts and circumstances within the officer's knowledge, and which

he/she had reasonably trustworthy information sufficient to warrant a prudent man

into believing that White had committed, or was committing, a criminal offense.

In this case, the officers found what they believed to be illegal drugs.  Adkins field-

tested the drugs and they tested positive for cocaine.  Adkins had sufficient

probable cause to arrest White.  In qualified immunity context an officer need not

have actual probable cause, but only arguable probable cause.  Montoute v. Carr,

114 F.3d 181, 184 (11th Cir. 1997).  Therefore, the inquiry is not whether probable

cause actually existed, but, instead whether an officer could reasonably believe that probable cause existed, in light of the information possessed by the officer.  <u>Wood v. Kesler</u>, 323 F.3d 872, 878 (11th Cir. 2003).

(7)  Both defendants John Powell and Jason Adkins are entitled to discretionary function immunity pursuant to Ala. Code § 6-5-338(a) (1975) on any state law claims that White has alleged.  Under Alabama law, police officers are immune from tort liability arising out of the officer's conduct while performing a discretionary function with in the line and scope of their duties.  <u>Swan v. City of Hueytown</u>, 920 So. 2d 1075 (Ala. 2005)

(8)  John Powell was not involved in obtaining the search warrant or the arrest of White on either occasion.  White has failed to establish the existence of the requisite causal connections with the Defendant John Powell.

(9)  Neither John Powell nor Jason Adkins have any authority or control over the Houston County Jail or its employees.  (Ex. "J", Affidavit of Powell; Ex. "C", Affidavit of Adkins).  Therefore, they cannot be liable for any allegation regarding Mr. White's treatment while being held in the Houston County Jail.

## **Additional Defenses**

(1)  The Defendants assert the affirmative defense of qualified immunity.

(2)  The Defendants assert the affirmative defense of good faith immunity.

(3)  The Defendants assert the affirmative defense of sovereign immunity.

(4)  The Defendants assert the affirmative defense of Discretionary Function Immunity under Ala. Code § 6-5-338.

(5)  The Defendants assert the affirmative defense of absolute immunity.

(6)  That the Plaintiff fails to state a cause of action upon which relief may be granted.

Respectfully submitted this the 19th day of February, 2008.

s/ D. Kevan Kelly
D. Kevan Kelly (KEL025)
Assistant City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I further certify that a copy of the foregoing has been served upon the following by placing same in the United States Mail, postage prepaid:

Henry Harold White, #61001
Houston County Jail
901 East Main Street
Dothan, Alabama  36301

s/ D. Kevan Kelly
Of Counsel

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: DC 2007 002636.00
OPER: AMI                      CASE ACTION SUMMARY
PAGE:    1                     DISTRICT  CRIMINAL               RUN DATE: 09/07/2007
======================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                         JUDGE: CLL

STATE  OF  ALABAMA              VS        WHITE HENRY HARALD
                                          713 N CHERRY ST APT 3
CASE: DC 2007 002636.00
                                          DOTHAN, AL   36303 0000

DOB: 06/25/1941       SEX: M  RACE: B  HT: 6 03  WT: 170   HR: BLK EYES: BRO
SSN: 467640287  ALIAS NAMES:
======================================================================================
CHARGE01: POSS CONTR. SUBS.    CODE01: UPCS  LIT. POSS CONTR. SU TYP: F #: 001
OFFENSE DATE: 09/06/2007                AGENCY/OFFICER: 0380100 J. ADKI

DATE WAR/CAP ISS:                       DATE ARRESTED: 09/06/2007
DATE    INDICTED:                       DATE    FILED: 09/07/2007
DATE    RELEASED: 9/7/07                DATE   HEARING:
BOND    AMOUNT:        $5,000.00(S)     SURETIES: A-Advantage Bonding

DATE 1: 09/07/2007  DESC: APPD          TIME: 0200 P
DATE 2:             DESC:               TIME: 0000

TRACKING NOS: WR 2007 018792 00 /
   DEF/ATY: Hon. M Johnson        TYPE:                              TYPE:
                              00000                        00000

PROSECUTOR:
======================================================================================
OTH CSE: WR200701879200 CHK/TICKET NO: WR2007018792     GRAND JURY: 086-01/08
COURT REPORTER:                    SID NO:  000000000
DEF STATUS: JAIL BOND              DEMAND:                          OPER: AMI
======================================================================================
DATE       ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES | |
|---|---|---|
| 9/7/2007 | Defendant before the Court and advised of his/her rights Hon. M. Peter Johnson is appointed counsel for the Defendant. Trial/Preliminary Hearing is set for _____ 9am, Mag. | *District Court*<br>*State of Alabama, Houston County*<br>*I Carla Woodall, Clerk of The District Court, hereby certify that this is a true and correct copy of* Case Action Summary *filed in this Court on* Henry White *This the* 22 *day of* Jan *, 2008.* |
| 09-07-07 | District Judge | Carla Woodall<br>*District Clerk* |
| 9/10/2007 | Copy CAS Warrant to atty. ai | |
| 9-31-2007 | Motion to Revoke Bond | |
| 9/21/07 | a/w ordered for bond rev. - no bond - hrg to be set upon arrest - Wallace, Judge | |
| 9-24-2007 | a/w ina | |

EXHIBIT "A"

ACRO369    A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: DC 2007 002636.00
JUDGE ID:   CLL

STATE OF ALABAMA                    VS    WHITE HENRY HARALD

| DATE | ACTION, JUDGMENTS, CASE NOTES | |
|------|------------------------------|---|
| 9-25-2007 | Motion for Preliminary Hearing | DN |
| 9-26-2007 | PRELIMINARY HEARING IS SET FOR 5th DAY OF October 2007 AT 8:30 A.M. | |
| 9-26-2007 | Copy of CAS to Atty | SN |
| 12-10-07 | Motion to Withdraw | |
| 12-12-07 | Mark Johnson allowed to w/draw | BEH |
| 12-13-07 | Copy of CAS to Atty | |

*District Court*
*State of Alabama, Houston County*
*I Carla Woodall, Clerk of The District Court, hereby certify that this is a true and correct copy of* Case Action Summary *filed in this Court on* Henry White *This the* 22 *day of* Jan *20* 08

Carla Woodall
*District Clerk*

G.J.# 086-01/08

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2007 002743.00
OPER: SAN                     CASE ACTION SUMMARY
PAGE:   1                     DISTRICT  CRIMINAL                RUN DATE: 09/21/2007
=============================================================================
IN THE DISTRICT COURT OF  HOUSTON                                    JUDGE: CLL

STATE  OF  ALABAMA              VS       WHITE HENRY HARALD
                                         713 N CHERRY ST APT 3
CASE: DC 2007 002743.00
                                         DOTHAN, AL  36303 0000

DOB: 06/25/1941          SEX: M  RACE: B  HT: 6 03  WT: 170  HR: BLK EYES: BRO
SSN: 467640287  ALIAS NAMES:
-----------------------------------------------------------------------------
CHARGE01: POSS COCAINE           CODE01: VPCC  LIT: POSS COCAINE   TYP: F #: 001
OFFENSE DATE: 09/20/2007                  AGENCY/OFFICER: 0380100 ADKINS

DATE WAR/CAP ISS:                         DATE ARRESTED: 09/20/2007
DATE    INDICTED:                         DATE   FILED: 09/21/2007
DATE    RELEASED:                         DATE HEARING:
BOND      AMOUNT:      $15,000.00         SURETIES:

DATE 1:              DESC:                TIME: 0000
DATE 2:              DESC:                TIME: 0000
TRACKING NOS: WR 2007 018845 00  /                      /
    DEF/ATY: Hon. Mark Johnson         TYPE: (C)                        TYPE:

                              00000                        00000

PROSECUTOR:
=============================================================================
OTH CSE: WR200701884500 CHK/TICKET NO: WR2007018845     GRAND JURY: 124-01/08
COURT REPORTER:                  SID NO:      000000000
DEF STATUS: JAIL                 DEMAND:                          OPER: SAN
-----------------------------------------------------------------------------
DATE         ACTIONS,  JUDGEMENTS,  AND  NOTES
=============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-24-2007 | Defendant before the Court and advised of his/her rights Hon. _M. Salazar_ is appointed counsel for the Defendant. Trial/Preliminary Hearing is set for _____ _____ _B.A._ District Judge |
| 9-24-2007 | Copy of CAS- warrant to Hon. M. Johnson |
| 9-24-2007 | Copy of CAS to Jail |
| 9-27 | |
| 10-11-07 | Motion for Preliminary Hearing District Court |
| 10-16-07 | PRELIMINARY HEARING IS SET FOR 2nd DAY OF November 2007 AT 8:30 A.M. |

*State of Alabama, Houston County*
*I Carla Woodall, Clerk of The District Court, hereby*
*certify that this is a true and correct copy of*
*case action summary plea units*
*filed in this Court on _____*
*This the 22 day of January, 20 08.*
*Carla Woodall*
*District Clerk*

**EXHIBIT**
**"B"**

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: DC 2007 002743.00
JUDGE ID: CLL

STATE OF ALABAMA                          VS    WHITE HENRY HARALD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 10-25-07 | Motion to Withdraw |
| 10/31/07 | Mark Johnson allowed to w/draw |
| | Brad W, Judge |
| 11/2/07 | On hearing the evidence there being Sufficient cause to believe that the crime of _____ a PCS has been committed, and that the Defendant is guilty thereof, Defendant is bound over to await action of the Grand Jury (discharged) and bail fixed at _____ Same BCW _____ Judge |

District Court
State of Alabama, Houston County
I Carla Woodall, Clerk of The District Court, hereby
certify that this is a true and correct copy of
Case Action Summary
filed in this Court on _____
This the 22 day of Jan. 20 08
Carla Woodall
District Clerk

G.J.#124
January 2008

# W A R R A N T

STATE OF ALABAMA          HOUSTON COUNTY                    DISTRICT   COURT

AGENCY NUMBER: 0107021365          WARRANT NUMBER: WR 2007 018845.00
                                   OTHER CASE NBR: *DC 2007-2743*

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    HENRY HARALD WHITE   AND BRING
HIM/HER BEFORE THE DISTRICT   COURT OF HOUSTON COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
                    POSS COCAINE   CLASS: C TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____ _____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 21 DAY OF SEPTEMBER, 2007

BOND SET AT: (1)      $15,000.00  BOND TYPE:
             (2)      _____
             (3)      _____

_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT_      _____
                                      PURSUANT TO 15-10-3 OF THE CODE OF ALABAMA
CHARGES: POSS COCAINE          13A-012-212(A)(1)     F FELONY

NAME: HENRY HARALD WHITE              ALIAS:
ADDRESS: 713 N CHERRY ST APT 3        ALIAS:
ADDRESS:
CITY: DOTHAN          STATE: AL        ZIP: 36303 0000
                                       PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 06/25/1941    RACE: B    SEX: M    HAIR: BLK
EYE: BRO  HEIGHT: 6'03"   WEIGHT: 170
SID: 000000000  SSN: 467640287  DL NUM:

# E X E C U T I O N

    EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
    ( ✓ )  PLACING DEFENDANT IN THE HOUSTON COUNTY JAIL
    (   )  RELEASING DEFENDANT ON APPEARANCE BOND

_____

THIS    20    DAY OF    September             2007

                        SHERIFF
                                District Court
                        BY
                        *State of Alabama, Houston County*
COMPLAINANT: JASON ADKINS        *I Carla Woodall, Clerk of The District Court, hereby*
             C/O DPD             *certify that this is a true and correct copy of*
             0107021365          *Warrant*
             DOTHAN  AL  36303   *filed in this Court on Henry White*
                                 *This the 22 day of January, 2008*
OPERATOR: PHT    DATE: 09/21/2007     *Carla Woodall*
                                 *District Clerk*

ALABAMA JUDICIAL INFORMATION SYSTEM

\* \* \* IN THE DISTRICT COURT OF HOUSTON COUNTY \* \* \*

AGENCY NUMBER: 0107021365                    WARRANT NUMBER: WR 2007 018845.00
                                             OTHER CASE NBR: DC-2007-2743

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
HOUSTON COUNTY, ALABAMA.  PERSONALLY APPEARED    JASON ADKINS
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    HENRY HARALD WHITE              DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT SEPTEMBER 20K 2007, UNLAWFULLY POSSESS A CONTROLLED
SUBSTANCE, TO-WIT: COCAINE, WHILE AT OR NEAR 713 N CHERRY ST APT 3,
HOUSTON COUNTY, ALABAMA,
IN VIOLATION OF 13A-012-212(A)(1)                OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 21 DAY OF SEPTEMBER, 2007

JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: POSS COCAINE          13A-012-212(A)(1)      F  FELONY

WITNESS FOR THE STATE

JASON ADKINS/C/O DPD/0107021365/DOTHAN/36303

J COCHRAN/C/O DPD/0107021365/DOTHAN/36303
A MARTIN/C/O DPD/0107021365/DOTHAN/36303
B PARRISH/C/O DPD/0107021365/DOTHAN/36303
MARC CREWS/0107021365/CRIMINALIST/FORENSIC SCIE/207 N CHERRY ST/DOTHAN/3630

OPERATOR: PHT    DATE: 09/21/2007

G.J.#124
January 2008

**District Court**
State of Alabama, Houston County
I Carla Woodall, Clerk of The District Court, hereby
certify that this is a true and correct copy of
Complaint
filed in this Court on Henry White
This the 22 day of Jan , 2008.
Carla Woodall
District Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE       )
                               )
      PLAINTIFF,       )
                               )
v.                           )     CASE NO.  1:08 CV-10-MEF
                               )
PARKMAN ADAMS, WHITE, LLC, )
*et al.*,                        )
                               )
      DEFENDANTS.     )

## AFFIDAVIT OF OFFICER JASON ADKINS

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Jason Adkins,

who, being by me first duly sworn, did depose and say as follows:

My name is Jason Adkins.  I am a Certified Police Officer and I am

employed by the City of Dothan, Alabama and have been so employed since

February 10, 1998.  I am currently assigned to the Narcotics Division and hold the

rank of Corporal.  I have personal knowledge of the things and matters set forth

herein.

On September 6, 2007, a reliable confidential informant told me that drugs

were being sold from 703 N. Cherry Street, Apt. 3, in Dothan, Alabama.  The



EXHIBIT
"C"

informant told me that buyers would approach the door and exchange money for drugs through an opening in a metal security door. I provided the informant with $20.00, and he made a drug purchase from the apartment at approximately 8:00 P.M. on September 6, 2007. I field-tested the material and it was positive for cocaine. I then drafted a search warrant and took it to Houston County District Court Judge, Brad Mendheim. Judge Mendheim approved the search warrant. (Ex. "D" Search Warrant)

I later discovered the search warrant was dated August 21, 2007. Neither I nor Judge Mendheim discovered this typographical error prior to his signing and my executing the warrant. Judge Mendheim approved the search warrant at 8:48 P.M. on September 6, 2007. (Ex. "E" Judge Mendheim's Affidavit)

After I received the search warrant, Sergeant Martin, Corporal Watson, Officer Parrish, Officer Cochran and I met to serve the search warrant. When we arrived at 713 N. Cherry Street, we realized if we approached and announced we had a search warrant, the occupant, later identified as Henry Horald White, would be able to destroy evidence before we could get into the apartment. Therefore, we asked Corporal Brad Cain of the patrol division to approach the apartment and talk to Mr. White and see if he could get him to come out onto the porch, or at least open the metal security door. When Corporal Cain approached the apartment and knocked, Mr. White opened the interior wood door and spoke to the officer

2

through the metal security door. Corporal Cain asked him to step out onto the porch to talk to him; but Mr. White told him he needed to put on some clothes, and shut the wooden interior door. He returned later wearing jeans and a T-shirt. When Mr. White opened the security door for Corporal Cain, I approached the apartment and served the search warrant. We secured Mr. White and began to search the apartment. Officer Parrish went directly to the bathroom believing Mr. White disposed of drugs in the toilet. He found several pieces of crack cocaine around the toilet. I went to the living room and found pieces of crack cocaine on the floor, coffee table, and a night stand. We also found plant material believed to be marijuana. Officer Cochran found three compact disk cases with white powder and residue inside them. I photographed the apartment and collected the evidence. I field-tested several of the items we believed to be drugs and they were positive for cocaine. We did not seize or remove any money from the apartment. The evidence collected was taken to the City of Dothan evidence vault and later transferred to the Alabama Department of Forensic Science for testing. (Ex. "I" lab analysis). Mr. White was taken into custody without incident or injury. He was taken to the Dothan City Jail on September 7, 2007. I obtained a warrant from a Houston County Magistrate, Case No. DC 2007-2636. Mr. White was then transferred to the Houston County Jail where he made bond and was released. (Ex. "A" Case Action Summary). I did not violate Mr. White's constitutional rights. I

entered the apartment with a valid search warrant signed by a Houston County District Judge. I had sufficient probable cause to arrest Mr. White when I found drugs and they field-tested positive for cocaine. Police Chief John Powell was not present during the search of the apartment, or involved in the investigation or arrest of Mr. White on September 6, 2007.

On September 20, 2007, I received information that drugs were again being sold at 713 N. Cherry Street, Apt. 3. I provided a reliable confidential informant with $20.00 to purchase drugs from the apartment. The informant made a purchase at approximately 6:15 P.M. I field-tested the item and it was positive for cocaine. I then prepared an affidavit and a search warrant and took it to Houston County District Judge, Brad Mendheim. He granted the search warrant at 7:50 P.M. on September 20, 2007. (Ex. "K" Search Warrant)

We knew there was a metal security door on the apartment. Therefore, Sergeant Andy Martin called two members of the Dothan Police Department Special Response Team, Officers Ken Long and Jeremy Kendrick. They provided us with a halligan tool[1] to pry open the door if necessary, and accompanied us to the apartment. During the prior search, we believed Mr. White was able to dispose of evidence by flushing it down the toilet. This time Officers Long and Kendrick

---

[1] A halligan tool is designed for use by law enforcement and Fire/Rescue personnel for forcible entry into doors, windows, vehicles and other locked structures.

went to the bathroom window and were instructed to deploy a flash bang[2] device into the bathroom if the occupant tried to enter the bathroom while we were making entry into the apartment. At approximately 8:45 P.M., Sergeant Martin, Corporal Watson, Officer Parrish, Officer Cochran, and I approached the apartment. I knocked loudly and announced "police, search warrant!" I could hear someone moving in the house. We then began forcing open the metal security door with the halligan tool. While we were prying on the door, I heard flash bangs going off in the area of the bathroom. When we entered the apartment, we found Mr. Henry White in the living room. He was secured and we searched the apartment. We found crack cocaine on the living room floor and a 7-Up can with a false compartment which contained a small amount of cocaine. Officer Long went to the bathroom to retrieve the flash bang canisters and discovered crack cocaine on the bathroom floor around the toilet. Apparently, Mr. White was again able to dispose of the majority of the drugs before we could enter the home. I photographed the apartment, including the minor damage to the front door, the broken bathroom window and powder residue on the bathroom floor from the flash bang. There was no other damage done to the apartment. I field-tested the drugs we found and they were positive for cocaine. The Plaintiff was again arrested and charged with Unlawful Possession of a Controlled Substance. We did not seize or

---

[2] Flash Bang is a noise and light diversionary device. The devise emits a loud bang and a flash of white light when deployed. The devise is normally used to distract and disorient an individual when police officers attempt to enter a home.

remove any money from Mr. White or his apartment. The evidence was secured in the Dothan Police Department evidence vault and later transferred to the Alabama Department of Forensic Science Laboratory for analysis. The evidence was positive for cocaine and marijuana. (Ex. "M" Lab analysis) Mr. White was not injured during the arrest and did not request any medical attention. Mr. White was transported to the Dothan City Jail where he was processed. On September 21, 2007, I obtained a felony warrant for Mr. White and he was transported to the Houston County Jail, Case No. DC 2007-2743. (Ex. "B" Case Action Summary)

Neither I nor any of the officers present violated Mr. White's constitutional rights. We entered the apartment with a valid search warrant. Mr. White was arrested after we discovered drugs and they field-tested positive for cocaine. I did not falsely arrest or imprison Mr. White. Police Chief John Powell was not present during the search or involved in the investigation or arrest of Mr. White on September 20, 2007.

I have reviewed Mr. White's Complaint and his allegations. It appears Mr. White is alleging he was mistreated while in the custody of the Houston County Sheriff's Office and the Houston County Jail. I have no authority or control over the Houston County Jail, the Sheriff's Department or their employees. I am not familiar with anything that may have taken place at the Houston County jail or involving the Houston County Sheriff's Department.

Further Affiant sayeth not.

_____
Jason Adkins, Certified Police Officer
City of Dothan

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this _18th_ day of February, 2008.

_____
Notary Public

My Commission Expires: _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

7

# SEARCH WARRANT

STATE OF ALABAMA

CITY OF DOTHAN, HOUSTON COUNTY

TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:  713 N. Cherry St. Apt. 3, Dothan, Houston County, Alabama and black male known as "old man".

FOR THE FOLLOWING PROPERTY: Crack Cocaine and U.S Currency.

And make return of this warrant and an inventory of all property seized thereunder before me within 10 days (not to exceed 10 day) as required by law.

(X) The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

( ) This warrant may be executed during the daytime only.

ISSUED TO: Inv. Jason Adkins
This 21st day of August 2007.

8:48 (a.m./p.m.)

_____
JUDGE

**EXHIBIT**

**"D"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE          )
                            )
            PLAINTIFF,       )
                            )
v.                          )          CASE NO. 1:08 CV-10-MEF
                            )
PARKMAN ADAMS, WHITE, LLC,  )
*et al.,*                    )
                            )
            DEFENDANTS.      )

## AFFIDAVIT OF JUDGE BRAD E. MENDHEIM, JR.

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Brad E.

Mendheim, Jr., who, being by me first duly sworn did depose and say as follows:

My name is Brad E. Mendheim, Jr. I am a District Court Judge for Houston

County, Alabama and I have personal knowledge of the things and matters set

forth herein.

On September 6, 2007, Officer Jason Adkins, of the Dothan Police

Department, Narcotics Division, presented me with an application and affidavit for

a search warrant for 713 N. Cherry Street, Apt. 3 (Attachment "1"). After

reviewing the affidavit, I granted Officer Adkins a search warrant for the residence

(Attachment "2"). I have now discovered that there was a typographical error

EXHIBIT
"E"

regarding the date on the search warrant that Officer Adkins nor I noticed at the time of issuance. The date on the search warrant is August 21, 2007. The search warrant was actually issued on September 6, 2007, at 8:48 P.M. Officer Adkins made a return and inventory of the search warrant on September 7, 2007. The application, affidavit, search warrant, return and inventory were in compliance with the Alabama Rules of Criminal Procedure.

Further Affiant sayeth not.

_____
Judge Brad E. Mendheim, Jr.

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this ___23rd___ day of January, 2008.

_____
Notary Public

My Commission Expires ___May 27, 2009___

2

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

STATE OF ALABAMA

CITY OF DOTHAN, HOUSTON COUNTY

Before me, _BRAD MENDHEIM_ the undersigned authority, personally appeared Inv. Jason Adkins of the Dothan Police Department, who being by me first duly sworn, deposes and says he has reason to believe that located at 713 N. Cherry St. Apt. 3, Dothan, Houston County, Alabama, there is now being concealed certain drugs, namely Crack Cocaine, which is illegally kept, used, and/or sold. The following facts tend to establish the foregoing grounds for issuance of a Search Warrant are as follows:

I am Inv. Jason Adkins of the Dothan Police Department's Vice/Intelligence Division. Within the last 24 hours, I spoke with a reliable confidential informant who has given information in the past that has been proven to be true and correct. The informant advised that within the last 72 hours, Crack Cocaine was seen in the possession of a B/M, only known as "old man" at the above listed address. I have personally checked with Dothan Utilities and they are in the name of Vaneta M. Murphy.

Affiant shows that based on the above and forgoing facts and information, Affiant has probable cause to believe that the above-described property is concealed upon the aforesaid premises and is subject to seizure and makes this affidavit so that a warrant may issue to search the said premises.

Sworn to and Subscribed before
me this 6th day of September 2007.

_____
Signature of Affiant

_____
Judge

## SEARCH WARRANT

STATE OF ALABAMA

CITY OF DOTHAN, HOUSTON COUNTY

TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:   713 N. Cherry St. Apt. 3, Dothan, Houston County, Alabama and black male known as "old man".

FOR THE FOLLOWING PROPERTY: Crack Cocaine and U.S Currency.

And make return of this warrant and an inventory of all property seized thereunder before me within 10 days (not to exceed 10 day) as required by law.

(X) The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

(  ) This warrant may be executed during the daytime only.

ISSUED TO: Inv. Jason Adkins                    8:48 (a.m./p.m.)
This 21st day of August 2007.


JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE,             )
                                )
        PLAINTIFF,              )
                                )
v.                              )        CASE NO.  1:08 CV-10-MEF
                                )
PARKMAN ADAMS, WHITE, LLC, )
et al.,                         )
                                )
        DEFENDANTS.            )

## AFFIDAVIT OF ANDY MARTIN

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Andy Martin,

who being by me first duly sworn, did depose and says as follows:

My name is Andy Martin and I am a Certified Police Officer employed by

the City of Dothan Police Department and have been so employed since February

11, 1991.  I currently hold the rank of Sergeant and I am assigned to the Narcotics

Division of the Dothan Police Department.  I am over the age of eighteen years old

and reside in Houston County, Alabama.  I have personal knowledge of the things

and matters set out below, and I am competent to testify to the matters stated

below.  I swear and affirm that the below are true statements of fact:



EXHIBIT
"F"

I am the immediate supervisor over the City of Dothan Narcotics Division. On September 6, 2007, Corporal Jason Adkins informed me that he had received information from a confidential informant that drugs were being sold at 713 N. Cherry Street, Dothan, Alabama, from Apartment 3. Corporal Adkins had the informant purchase a $20.00 piece of crack cocaine at the apartment and the material field-tested positive for cocaine. Corporal Adkins contacted Houston County District Judge, Brad Mendheim, and secured a search warrant for the apartment. (Ex. "D" Search Warrant) The informant told Corporal Adkins the apartment had bars on the windows and a metal security door with bars. The occupant of the apartment, later identified as Henry Harold White, would open the interior wooden door, but kept the metal security door locked. He sold drugs through an opening in the security door. Having worked in narcotics for several years, I was familiar with this type of door and knew it would be very difficult to quickly gain entry to the apartment. I felt that if we simply approached and announced we had a search warrant, Mr. White would be able to dispose of the drugs before we could enter the apartment. We therefore contacted marked patrol units and asked them to approach the apartment and talk to Mr. White and see if they could talk him into coming onto the porch, or at least unlock the security door. Corporal Bradley Cain approached the door and knocked. Mr. White answered the

door and Corporal Cain asked him to step outside. Mr. White told the officers he needed to put on some clothes. He then closed the interior wooden door. After some time, he returned and opened the metal security door. At that point, we approached and served the search warrant. Investigator Parrish went directly to the bathroom and found drugs around the toilet. We also found drugs on the living room floor and the kitchen floor leading to the bathroom. There was also a small amount of marijuana found on a table in the living room. Corporal Adkins photographed the apartment and the location of the drugs. He then field-tested some of the drugs and they were positive for cocaine. All the evidence was collected to be sent to the Alabama Department of Forensic Science. (Ex. "I" Lab analysis) We did not seize or remove any money from Mr. White or his apartment. Mr. White was charged with Unlawful Possession of a Controlled Substance. He was taken to the Dothan City jail. After Corporal Adkins obtained a warrant, Mr. White was transferred to the Houston County jail. (Ex. "A" Case Action Summary)

We did not violate Mr. White's civil rights during the search or his arrest. We entered the apartment with a valid search warrant and the arrest was based on probable cause due to the illegal drugs found during the search. There was no unreasonable force used and Mr. White was not injured during the search or the arrest. Police Chief John Powell was not present, nor did he have any involvement

3

whatsoever in the search of Mr. White's apartment, or his subsequent arrest on September 6, 2007. I later discovered the date on the search warrant was in error. We served the search warrant less than two hours after Judge Mendheim authorized it on September 6, 2007.

On September 20, 2007, Corporal Adkins informed me that drugs were again being sold at 713 N. Cherry Street, Apartment 3, Dothan, Alabama. Corporal Adkins had a confidential informant purchase $20.00 worth of crack cocaine from the apartment. The drugs purchased by the informant tested positive for cocaine. Corporal Adkins contacted Houston County District Judge Brad Mendheim, and obtained a search warrant for 713 N. Cherry St., Apartment 3. (Ex. "K" Search Warrant)

Based on a previous search of the residence, we were aware Mr. White had a metal security door on the apartment. I received permission to use two Special Response Team officers, Ken Long and Jeremy Kendrick, to assist in executing the search warrant. Officer Long provided us with a halligan tool[1] to pry open the security door if necessary. I knew that while we were attempting to get through the door, Mr. White would have sufficient time to dispose of any illegal drugs he had in the apartment. I therefore asked Officer Long, and Officer Kendrick to

---

[1] A halligan tool is a multipurpose tool designed for use by law enforcement and fire and rescue personnel for forcible entry into doors, windows, vehicles and other locked structures.

stand by at the bathroom window and if anyone entered the bathroom while we were attempting to gain entry to the apartment, the officers should introduce flash bangs[2] into the bathroom. I hoped this would distract Mr. White long enough for us to breach the security door before he could dispose of the drugs. We approached the door and knocked loudly and announced "police, search warrant!" I heard someone moving in the apartment and we began prying open the security door. Mr. White obviously went into the bathroom because I heard flash bangs going off in that area of the apartment. Officer Long deployed three flash bangs into the bathroom while we were trying to enter the apartment. When we made entry, we found Mr. White in the living room. We secured him and conducted the search. We found crack cocaine on the living room floor and a 7-Up can with a false compartment which held a small amount of powder cocaine. Officer Long went to the bathroom to retrieve the flash bang canisters and discovered pieces of crack cocaine around the toilet. Mr. White had again been able to flush the majority of the drugs before we could enter the apartment. Corporal Adkins photographed the door we damaged and the broken bathroom window. This was the only damage done to the apartment. Corporal Adkins also photographed the drugs we recovered. The drugs were field-tested and were positive for cocaine.

---

[2] Flash Bang is a noise and light diversionary device. This device emits a loud bang and a flash of white light. The devise is used primarily to distract and disorient an individual when police officers attempt to enter a home.

The drugs were seized and sent to the Alabama Department of Forensic Science for testing (Ex. "M" Lab analysis) Mr. White was arrested for Unlawful Possession of a Controlled Substance. We did not seize or remove any money from Mr. White or his apartment.

We did not violate Mr. White's constitutional rights in any manner. We entered the apartment with a valid search warrant. Mr. White's arrest was based on probable cause due to the illegal drugs found in the apartment. We did not use excessive force, nor injure Mr. White in any way whatsoever. Mr. White was taken to the Dothan City jail where he was processed. After Corporal Adkins obtained the arrest warrant, Mr. White was then transferred to the Houston County jail on the felony charge. Dothan Police Chief John Powell was not present or involved in any manner with the search of the apartment or arrest of Mr. White on September 20, 2007.

Further the affiant sayeth not.

This the _18th_ day of February, 2008.

Andy L. Martin
Andy Martin

Sworn to and subscribed before me this the _18th_ day of February, 2008.

NOTARY PUBLIC
My Commission Expires: _____

LINDA R. JOHNSON
Notary Public, State at Large
My Comm. Expires Nov. 17, 2009

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE          )
                            )
            PLAINTIFF,       )
                            )
v.                          )          CASE NO.  1:08 CV-10-MEF
                            )
PARKMAN ADAMS, WHITE, LLC, )
*et al.*,                   )
                            )
            DEFENDANTS.      )

## AFFIDAVIT OF BRENT PARRISH

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Brent Parrish,

who being by me first duly sworn, did depose and says as follows:

My name is Brent Parrish and I am a Certified Police Officer employed by

the City of Dothan Police Department and have been so employed since January

19, 1998. I am currently assigned to the Dothan Police Department, Narcotics

Division. I am over the age of eighteen years old and reside in Houston County,

Alabama. I have personal knowledge of the things and matters set out below and I

am competent to testify to the matters stated below. I swear and affirm that the

below are true statements of facts:

**EXHIBIT**

**"G"**

On September 6, 2007, I was notified that Corporal Jason Adkins had obtained a search warrant for 713 N. Cherry Street, Apt. 3. (Ex. "D" Search Warrant) Corporal Adkins, Sergeant Martin, Officer Cochran, Corporal Watson, and I went to the location. The apartment had security bars on the windows and a metal security door. Having experienced these types of doors in the past, we knew if the occupant refused to open the door, it would be difficult and time consuming to pry open the metal security door and this delay would give the occupant time to dispose of any drugs in the house. Therefore, we asked patrol officers to approach the house and attempt to get the occupant on the porch, or, at least have him unlock the metal security door. Corporal Brad Cain approached the apartment and knocked on the door. The occupant, later identified as Henry White, spoke to the officer through the metal security door but never unlocked or opened it. I then saw Mr. White close the interior door. After a few minutes, Mr. White reappeared and opened both the doors. We approached and served the search warrant. I suspected Mr. White had flushed drugs down the toilet; therefore, I went directly into the bathroom where I discovered crack cocaine rocks in and around the toilet. The other officers found crack cocaine on the floor of the apartment and cocaine residue in compact disk cases. There was also a small amount of marijuana found in the apartment. Corporal Adkins field-tested some of the drugs and they were positive for cocaine. Corporal Adkins then photographed the scene and collected

2

the drugs in evidence bags. The drugs were sent to the Alabama Department of Forensic Science and tested positive for cocaine and marijuana. (Ex. "I" Lab analysis) Mr. White was arrested for Unlawful Possession of a Controlled Substance. We did not seize or take any money from Mr. White or the apartment. Mr. White was taken to the Dothan City Jail then transported to the Houston County Jail. He posted bond on September 7, 2007. (Ex. "A" Case Action Summary) We did not violate Mr. White's constitutional rights during the search or during his subsequent arrest. The search was conducted after obtaining a valid search warrant. (Ex. "D" Search Warrant) There was sufficient probable cause to arrest Mr. White based on the illegal drugs we found in his apartment.

On September 20, 2007, I was informed that Corporal Adkins had obtained another search warrant for 713 N. Cherry Street, Apt. 3. (Ex. "K" Search Warrant) Because of the metal security door at this location, our Supervisor and Sergeant, Andy Martin contacted two members of the Dothan Special Response Team and requested their assistance. Officer Kenneth Long and Officer Jeremy Kendrick responded to the scene. Officer Long provided us with a halligan tool[1] to pry open the door, if necessary. We informed Officer Long and Kendrick that narcotics officers would go to the door, knock – and announce. If Mr. White went into the

---

[1] A halligan tool is designed for use by law enforcement and Fire/Rescue personnel for forcible entry into doors, windows, vehicles and other locked structures.

3

bathroom while we were attempting to enter the house, they should deploy a flash bang[2] into the bathroom. We were hoping this would distract and disorient Mr. White while we made entry; thus, preventing him from destroying evidence. Myself and the other narcotics officers approached the front door of the apartment, knocked loudly - and announced "police, search warrant!" We could hear a person moving in the apartment and we attempted to force open the metal security door. I then heard officers deploying flash bangs in the area of the bathroom. When we entered the apartment, we found Mr. White in the living room. After he was secured, we conducted the search for drugs. We found drugs on the living room floor. Corporal Adkins found a 7-Up can with a false compartment which had a small amount of powder cocaine in it. When officer Long went into the bathroom to retrieve the flash bang canisters, he discovered crack cocaine around the toilet. Apparently, Mr. White had again been able to dispose of the majority of the drugs before we could enter the apartment. Corporal Adkins field-tested some of the material recovered and it was positive for cocaine. Mr. White was arrested and charged with unlawful possession of a controlled substance. The only damage to the apartment was the door casing where we forced open the security door and a broken bathroom window. Corporal Adkins photographed the damage as well as the drugs. He collected the evidence to send to the Alabama Department of

---

[2] Flash Bang is a noise and light diversionary device. The devise emits a loud bang and a flash of white light. The devise is primarily used to distract and disorient an individual when police officers attempt to enter a home.

Forensic Science. (Ex. "M" Lab analysis)  We did not seize or remove any money from Mr. White's apartment.  He was taken to the Dothan City Jail and then transferred to the Houston County Jail.  I, nor any other officer at the scene, violated the Plaintiff's constitutional rights.  We entered the apartment with a valid search warrant.  We had probable cause to arrest Mr. White based on the illegal drugs found during the search.  The Plaintiff was not subject to excessive force and he was not injured during the search or his arrest.  Chief John Powell was not present nor did he have any involvement in the search or subsequent arrest of Mr. White on September 6, 2007 or September 20, 2007.

Further the affiant sayeth not.

This the _18th_ day of February, 2008.

_____
Brent Parrish

Sworn to and subscribed before me this the _18th_ day of February, 2008.

_____
NOTARY PUBLIC

My Commission Expires: _____

LINDA R. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE,        )
                           )
        PLAINTIFF,         )
                           )
v.                         )        CASE NO.  1:08 CV-10-MEF
                           )
PARKMAN ADAMS, WHITE, LLC, )
et al.,                    )
                           )
        DEFENDANTS.        )

## AFFIDAVIT OF BRADLEY CAIN

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Bradley Cain,

who being by me first duly sworn, did depose and says as follows:

My name is Bradley Cain, and I am a Certified Police Officer employed by

the City of Dothan Police Department and have been so employed since November

1, 1999.  I currently hold the rank of Corporal and I am assigned to the Patrol

Division.  I am over the age of eighteen years old and reside in Houston County,

Alabama.  I have personal knowledge of the things and matters set out below, and I

am competent to testify to the matters stated below.  I swear and affirm that the

below are true statements of fact:

EXHIBIT

"H"

On September 6, 2007, I was dispatched to meet with narcotics officers in the 700 block of N. Cherry Street. When I arrived, a narcotics officer told me they had a search warrant for 713 N. Cherry Street, Apt. 3. However, the apartment had a metal security door. The narcotics officers believed the security door would provide the occupant sufficient time to dispose of drugs before they could enter the house. I was asked to approach the house and speak to the occupant to see if I could get him to step out onto the porch, or, at least unlock the security door. I knocked on the door, the occupant, Mr. Henry Harold White, opened the interior wood door, but not the metal security door. I introduced myself and told the occupant we were chasing a suspect through his yard and asked him to step outside to see if anything was missing or damaged. Mr. White refused to step outside. I asked him again to come out and he stated he needed to put on some clothes. He did not open or unlock the metal security door. He then shut the interior wood door. I could hear him moving around in the apartment so I started ringing the door bell. After a few minutes, he returned and opened the metal security door. At that time, the narcotics officers approached and served the search warrant. They secured Mr. White and began to search the apartment. I entered the house with a narcotics officer and saw crack cocaine on the bathroom floor. It appeared that Mr. White had disposed of some drugs in the bathroom. Corporal Adkins photographed the apartment and the drugs they found. He then field-tested some

2

of the drugs and they were positive for cocaine. At this time, Mr. White was placed under arrest for Unlawful Possession of a Controlled Substance. I did not see any officer violate Mr. White's civil rights in any manner whatsoever. We entered the apartment with a valid search warrant. The arrest was based on probable cause after illegal drugs were found and field-tested positive for cocaine.

Further the affiant sayeth not.

This the __14__ day of February, 2008.

Bradley Cain

Sworn to and subscribed before me this the __14th__ day of February, 2008.

NOTARY PUBLIC

My Commission Expires:_____ LINDA B. JOHNSON
Notary Public, State at Large
My Commission Expires Nov. 17, 2009

3



ALABAMA
## DEPARTMENT OF FORENSIC SCIENCES

207 NORTH CHERRY STREET
DOTHAN, ALABAMA 36303
(334) 793-0615
FACSIMILE (334) 677-6322

### CERTIFICATE OF ANALYSIS



Jason Adkins
Dothan Police Department
P. O. Box 2128
Dothan, AL 36302

**CASE NUMBER:** 07DH02669          **SUBMITTING AGENCY CASE NUMBER:** 0720322

|  |  | Race | Sex | Date of Birth | Status |
|---|---|---|---|---|---|
| **SUSPECT(S):** | Henry White | B | M | 06/25/1941 | Adult |

**SERVICE REQUESTED:** Drug Analysis

**CHAIN OF CUSTODY:**

|  | DATE | TIME |
|---|---|---|
| Jon Thomas from Dothan Police Department | 09/13/2007 | 09:43 |
| Mike Benak | 09/13/2007 | 11:57 |

**DESCRIPTION OF EVIDENCE:**

1.  One sealed plastic evidence bag holding:

    1A.     One sealed plastic evidence bag holding one plastic zip-lock bag containing plant material.

    1B.     One sealed plastic evidence bag holding:

        1B1.     One plastic zip-lock bag containing off-white compressed material.

        1B2.     One plastic evidence bag containing off-white compressed material.

        1B3.     Four plastic zip-lock bags containing residue.

    1C.     One sealed plastic evidence bag holding two plastic bags, both containing residue.

    1D.     One sealed plastic evidence bag holding three plastic "DVD" cases each containing residue, of which one was analyzed.

**RESULTS OF ANALYSES:**          **DATE(S) OF ANALYSES:**     10/23/2007 to
                                                                 10/24/2007

A.     Laboratory analyses revealed the plant material to be **marihuana [a C-I controlled substance]**.
       Weight in grams - 0.06



*An ASCLD/LAB Accredited Laboratory since October 2003*

**EXHIBIT**

"I"

Page 1 of 2

Continuation of case 07DH02669

1B1.  Laboratory analyses of the compressed material revealed the presence of **cocaine (base) [a C-II controlled substance].  Weight in grams - 0.10**

1B2.  No analyses were performed.

1B3.  No analyses were performed.

1C.  No analyses were performed.

1D.  Laboratory analyses of the residue revealed the presence of **cocaine (base) [a C-II controlled substance].**

Sworn to and subscribed to me this the 5th Day of December 2007 as true and correct.

Mike Benak

_____

Mike Benak
Forensic Scientist
Analyst



Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE           )
                             )
        PLAINTIFF,           )
                             )
v.                           )        CASE NO. 1:08 CV-10-MEF
                             )
PARKMAN ADAMS, WHITE, LLC, )
*et al.*,                    )
                             )
        DEFENDANTS.          )

## AFFIDAVIT OF POLICE CHIEF, JOHN POWELL

STATE OF ALABAMA,
HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared John Powell,

who, being by me first duly sworn did depose and say as follows:

My name is John Powell. I am the Police Chief for the City of Dothan,

Alabama, and I have held this position since March 15, 2005. Prior to accepting

this position I served as a Special Agent with the Federal Bureau of Investigation

and as the Police Chief of Hartsville, South Carolina and Wilson, North Carolina.

I am over the age of eighteen and reside in Houston County Alabama. I have

personal knowledge of the things and matters set forth herein.

EXHIBIT

"J"

I am named as a Defendant in the above styled case. I am familiar with the incident because of the lawsuit; however, I was not personally involved in the searches of Mr. Henry White's apartment or his arrests on September 6, 2007 or September 20, 2007. To my knowledge, I have never had any contact whatsoever with Mr. White. I have reviewed the officers' reports in these cases and they revealed that Corporal Jason Adkins had probable cause to believe that Mr. White was distributing drugs at 713 N. Cherry Street, Apartment 3 in Dothan, Alabama. Corporal Adkins obtained a search warrant from a Houston County District Judge for this address on September 6, 2007, and September 20, 2007, prior to searching the residence. (Ex. "D" Search Warrant and Ex. "K" Search Warrant) On both occasions, the officers found drugs in the residence. (Ex. "I" Lab analysis and Ex. "M" Lab analysis) Based on over twenty years of experience in law enforcement it is my opinion that Corporal Adkins had probable cause to arrest Mr. White for unlawful possession of a controlled substance.

Soon after Mr. White's second arrest, the Dothan Eagle newspaper ran a short story about the incident. The Reporter contacted me and I confirmed that Mr. White had been arrested twice within a month for unlawful possession of a controlled substance. The paper printed the first arrest date as August 21, 2007. This was incorrect. Mr. White's first arrested was on September 6, 2007 and his second arrest was on September 20, 2007. I did not comment on Mr. White's guilt

2

or innocence and I did not provide the paper with any information that is not normally released to the news media.

It appears that Mr. White has complaints about his treatment in the Houston County Jail and incidents involving deputies of the Houston County Sheriff's Department. I have no authority or control over the Houston County Jail nor the hiring, firing, training or the implementation of policies and procedures for the Houston County Sheriff's Department, its agents or employees. Corporal Adkins nor I violated Mr. White's civil rights whatsoever.

Further Affiant sayeth not.

John Howell, Police Chief
City of Dothan

STATE OF ALABAMA,
HOUSTON COUNTY.

Sworn to and subscribed before me this _18_ day of February, 2008.

Notary Public

My Commission Expires _1/04/2010_

3

# SEARCH WARRANT

STATE OF ALABAMA

CITY OF DOTHAN, HOUSTON COUNTY

TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

   Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exist or that there is probable cause to believe that they exist, pursuant to Rule 3.8, Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to forthwith search:

THE FOLLOWING PERSON OR PLACE:  713 N. Cherry St. Apt. 3, Dothan, Houston County, Alabama and B/M Henry White.

FOR THE FOLLOWING PROPERTY: Crack Cocaine and U.S. Currency.


   And make return of this warrant and an inventory of all property seized thereunder before me within 10 days (not to exceed 10 day) as required by law.

(X) The Court finds probable cause to believe that a nighttime search is necessary, and this warrant may be executed at any time of the day or night.

(  ) This warrant may be executed during the daytime only.


ISSUED TO: Inv. Jason Adkins                    7:50   (a.m./p.m.)
This  20th day of September 2007.


_____
JUDGE


**EXHIBIT**

"K"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY HORALD WHITE            )
                              )
        PLAINTIFF,            )
                              )
v.                            )        CASE NO.  1:08 CV-10-MEF
                              )
PARKMAN ADAMS, WHITE, LLC, )
et al.,                       )
                              )
        DEFENDANTS.          )

## AFFIDAVIT OF KENNETH LONG

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared Kenneth Long,

who being by me first duly sworn, did depose and says as follows:

My name is Kenneth Long and I am a Certified Police Officer employed by

the City of Dothan Police Department and have been so employed since November

20, 2002.  I am currently assigned to the Patrol Division and I am a member of the

Dothan Police Department Special Response Team.  I am over the age of eighteen

and reside in Houston County, Alabama.  I have personal knowledge of the things

and matters set out below and I am competent to testify to the matters stated below.

I swear and affirm that the below are true statements of facts:

EXHIBIT
"L"

On the evening of September 20, 2007, Officer Jeremy Kendrick and I were dispatched to meet with narcotics officers of the Dothan Police Department regarding a search warrant. When I arrived, I spoke to Sergeant Andy Martin, who told me they were going to execute a search warrant at 713 N. Cherry Street, Apartment 3. Sergeant Martin explained that the windows were barred and the exterior front door was metal with bars on it. As a member of the Special Response Team, I am familiar with this type of door. These doors are very difficult to open and prevent officers from quickly entering a residence. I provided the narcotics officers with a halligan tool[1] which is used by fire departments and law enforcement personnel to pry open doors.

Sergeant Martin was familiar with the layout of the apartment based on a previous search. He told us where the bathroom was and Officer Jeremy Kendrick and I took a position outside the bathroom window while Sergeant Martin and the narcotics officer went to the front door to identified themselves, and attempted to gain entry. We were to stand by while they made entry, and if the occupant attempted to enter the bathroom while the narcotics officers were forcing the front door open, we would deploy a flash bang[2] into the bathroom to disorient the occupant and hopefully prevent him from disposing of evidence. Officer Kendrick

---

[1] A halligan tool is designed for use by law enforcement and fire and rescue personnel for forcible entry into doors, window, vehicles and other locked structures.

[2] Flash Bang is a noise and light diversionary device. The devise emits a loud bang and a flash of white light. The devise is primarily used to distract and disorient an individual when police officers attempt to enter a home.

and I took our position by the bathroom window. We heard the narcotics officer at the front door knock and announce "police, search warrant!" I then heard someone enter the bathroom. At that time we broke the bathroom window and deployed a flash bang. After the flash bang went off, we heard the bathroom door slam. The narcotics officers were still trying to open the front door so we deployed a second flash bang into the bathroom to keep the occupant out. After a few more seconds we could still hear officers struggling to get in the door so a third flash bang was deployed in the bathroom. Soon after I deployed the third flash bang, we heard the officers in the apartment. I went around to the front door and entered the apartment. The narcotics officers had the occupant secured and had located some drugs on the floor in the living room. I went to the bathroom to recover the flash bang canisters and discovered what appeared to be crack cocaine rocks around the toilet on the bathroom floor. I removed the flash bang canisters and informed the narcotics officers that there appeared to be drugs in the bathroom.

I spoke to the occupant, Mr. Henry Harold White. He told me he had entered the bathroom when we deployed the first flash bang. When the flash bang went off he left the bathroom and slammed the door behind him. He did not appear to be hurt in any way and did not complain of injuries or request medical assistance. The only damage to the apartment was to the door casing and a broken bathroom window. There were powder marks on the bathroom floor and in the

bathtub. That ended my involvement with the search of the apartment. I did not see any officers violate Mr. White's constitutional rights or harm the Plaintiff in any manner. We entered the apartment with a valid search warrant and Mr. White's arrest was based on probable cause after illegal drugs were discovered in his home.

Further the affiant sayeth not.

This the _18ᵀᴴ_ day of February, 2008.

_Kenneth Long_
Kenneth Long

Sworn to and subscribed before me this the _18ᵗʰ_ day of February, 2008.

_Linda K. Johnson_
NOTARY PUBLIC

My Commission Expires: LINDA K. JOHNSON
Notary Public, AL State at Large
My Comm. Expires Nov. 17, 2009

4



ALABAMA
# DEPARTMENT OF FORENSIC SCIENCES



207 NORTH CHERRY STREET
DOTHAN, ALABAMA 36303
(334) 793-0615
FACSIMILE (334) 677-6322

## CERTIFICATE OF ANALYSIS

**Jason Adkins**
**Dothan Police Department**
**P. O. Box 2128**
**Dothan, AL 36302**

**CASE NUMBER:**    08DH00130          **SUBMITTING AGENCY CASE NUMBER:**    07021365

| | | Race | Sex | Date of Birth | Status |
|---|---|---|---|---|---|
| SUSPECT(S): | Henry White | B | M | 6/25/1941 | Adult |

**SERVICE REQUESTED:** Drug Analysis

**CHAIN OF CUSTODY:**

| | DATE | TIME |
|---|---|---|
| Becky Edwards from Dothan Police Department | 10/25/2007 | 14:59 |
| John F. Brunner | 10/26/2007 | 13:12 |
| Michael Muraski | 1/11/2008 | 11:24 |

**DESCRIPTION OF EVIDENCE:**

1.          One sealed plastic evidence bag containing:

> 1A.          One plastic bag holding:

>> 1A1.          One heat-sealed plastic bag corner piece containing plant material.

>> 1A2.          Two partially burned cigars each containing plant material.

> 1B.          Two plastic bags, each holding compressed material, one of which was analyzed.

2.          One sealed plastic evidence bag containing one fake "7-up" can holding residue.

**RESULTS OF ANALYSES:**                    **DATE(S) OF ANALYSES:**    **01/22/2008 to**
                                                                        **01/23/2008**

1A1.    Laboratory analyses revealed the plant material to be **marihuana [a C-I controlled substance].**
        **Weight in grams - 1.72**
1A2.    No analyses were performed.
1B.     Laboratory analyses of the compressed material revealed the presence of **cocaine (base) [a C-II controlled substance]. Weight in grams - 0.28**
2.      No analyses were performed.

Sworn to and subscribed to me this the _24th_ Day of _January_ 20 _08_ as true and correct.

*An ASCLD/LAB Accredited Laboratory since October 2003*

**EXHIBIT**

"M"

Page 2

Continuation of case 08DH00130



Michael Muraski
Forensic Scientist
Analyst

Notary Public