IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY HORALD WHITE, <br> AIS #61001, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO.: 1:08-CV-10-MEF <br> ) |
| ANDY R. HUGHES, JOHN POWELL, <br> KEITH FITZGERALD and JOHN ADKINS | ) <br> ) <br> ) |
| Defendants. | ) |

# SPECIAL REPORT AND ANSWER

Come now defendants, **Sheriff Andy R. Hughes and Correction Officer Keith Fitzgerald,**
in the above styled cause and for Answer to plaintiff's Complaint, state as follows:

1.      As to Paragraph 1 of plaintiff's Complaint, defendants assert that at this time they are
without personal knowledge or information sufficient to form a belief as to the truth of the
averments.

2.      As to Paragraph 2 of plaintiff's Complaint, defendants assert that at this time they are
without personal knowledge or information sufficient to form a belief as to the truth of the
averments.

3.      As to Paragraph 3 of plaintiff's Complaint, defendants deny that the constitutional
rights of plaintiff have been violated and demand strict proof thereof.

4.    As to Paragraph 4 of plaintiff's Complaint, defendants deny that plaintiff's constitutional rights have been violated at any time.

5.    As to Paragraph 5 of plaintiff's Complaint, defendants deny that plaintiff's Constitutional rights have been violated.  Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof.  For more complete factual information regarding plaintiff's Complaint and defendants' response thereto, please refer to the **Affidavits of Jason Adkins, Andy R. Hughes, Keith Fitzgerald and Keith Reed**, (Exhibits "1", "2", "3" and "4" respectively).

6.    As to Paragraph 6 of plaintiff's Complaint, defendants assert that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, Plaintiff is not entitled to any award of punitive damages should this Complaint be construed to request them.

## FOURTH DEFENSE

Defendants are immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

## FIFTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SIXTH DEFENSE

There is no causal relation between the acts of the defendants and any injury or damage allegedly suffered by the plaintiff.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendants had no control or right of control.

## EIGHTH DEFENSE

Defendants affirmatively aver that all of their actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendants as they are unsupported by fact or law.

## NIN TH DEFENSE

The allegations contained in plaintiff's Complaint against the defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## TENTH DEFENSE

Defendants affirmatively deny any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## ELEVENTH DEFENSE

Should the plaintiff's Complaint be construed to state claims under Alabama law, all state claims against defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## TWELFTH DEFENSE

All federal claims against defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

## THIRTEENTH DEFENSE

In addition to defendants Eleventh Amendment argument, they further contend that they are not "persons" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

## FOURTEENTH DEFENSE

Defendants assert the defense of qualified immunity. Further, defendants plead the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities,

defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above styled cause. Defendants state that any action taken by them was made in good faith and in the performance of their duty as Sheriff, Deputy, Officer or Sheriff Department Employee of Houston County, Alabama.

## FIFTEENTH DEFENSE

Defendants assert and plead the defense of substantive or state law immunity under the law of the State of Alabama.

## SIXTEENTH DEFENSE

Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

## SEVENTEENTH DEFENSE

Defendants assert that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## NINETEENTH DEFENSE

Defendants plead and assert the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

### TWENTIETH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a)*.  Specifically, plaintiff has filed this lawsuit against defendants who are state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

### TWENTY-FIRST DEFENSE

The PLRA requires exhaustion of available administrative remedies before the plaintiff can seek relief in federal court on a 42 U.S.C. § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

### TWENTY-SECOND DEFENSE

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Proter v. Nussle, 534 U.S. 516, 532 (2002).

### TWENTY-THIRD DEFENSE

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6 (2001); <u>Woodford v. Ngo</u>, _____ U.S. _____, 126 S.Ct. 2378 (2006). Morover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Ngo,* 126 S.Ct. At 2387 (emphasis added).

### TWENTY-FORTH DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from defendants who are entitled to immunity.

### TWENTY-FIFTH DEFENSE

That the plaintiff does not properly plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

### TWENTY-SIXTH DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

### TWENTY-SEVENTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f),* plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2).*

## TWENTY-EIGHTH DEFENSE

Pursuant to *28 U.S.C. §1915A,* this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are state officers entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c).*

## TWENTY-NINTH DEFENSE

Defendants assert that in this action, they are afforded absolute quasi-judicial immunity in both their individual and official capacities, as they are themselves integral parts of the judicial process, that is, officers of the court transporting the Plaintiff pursuant to Court order. <u>Roland v. Phillips</u>, 19 F.3d 552 (11th Cir. 1994).

## THIRTIETH DEFENSE

Defendants assert the affirmative defense of the contributory negligence of plaintiff.

## THIRTY-FIRST DEFENSE

Defendants assert the affirmative defense of the assumption of the risk by plaintiff.

## THIRTY-SECOND DEFENSE

Defendants assert the truth as a defense in this case.

## THIRTY-THIRD DEFENSE

Defendants assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

### THIRTY-FOURTH DEFENSE

Defendants deny that they breached a duty or obligation owed to the plaintiff.

### THIRTY-FIFTH DEFENSE

Should the plaintiff's Complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.*

### THIRTY-SIXTH DEFENSE

Defendants are entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

### THIRTY-SEVENTH DEFENSE

With regard to any state law claims, Defendants assert absolute state law immunity with regard to all state law claims asserted against them in their official and individual capacities. *See* Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

### THIRTY-EIGHTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

---

**THIRTY-NINTH DEFENSE**

Plaintiff's Complaint does not contain sufficient allegations of an affirmative causal link between the defendants' alleged conduct and the alleged constitutional deprivation. *See* <u>Hardin v. Hayes</u>, 957 F.2d 845, 848 (11th Cir. 1992); and <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).

**FORTIETH DEFENSE**

The plaintiff cannot recover against defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

**FORTY-FIRST DEFENSE**

Plaintiff cannot recover under any state law claims against defendants in their individual and official capacities.

**FORTY-SECOND DEFENSE**

Defendant Hughes, as Sheriff of Houston County, Alabama, is an officer of the State of Alabama and therefore is entitled to sovereign immunity as to plaintiff's state law claims.

Defendants respectfully request this court to treat this Special Report and Answer as Motion for Summary Judgment.

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANTS
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama  36301
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, do hereby certify that I have served a copy of the foregoing upon Henry H. White, c/o The Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 26th day of February, 2008.

s/Gary C. Sherrer
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY HORALD WHITE,<br>AIS #61001, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:08-CV-10-MEF |
| | ) |
| ANDY R. HUGHES, JOHN POWELL, | ) |
| KEITH FITZGERALD and JASON ADKINS | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Jason Adkins**, who, being by me first duly sworn, did depose and say as follows:

My name is Jason Adkins. I am a Certified Police Officer and I am employed by the City of Dothan, Alabama and have been so employed since February 10, 1998. I am currently assigned to the Narcotics Division and hold the rank of Corporal. I have personal knowledge of the things and matters set forth herein.

On September 6, 2007, a reliable confidential informant told me that drugs were being sold from 713 N. Cherry Street, Apt. 3, in Dothan, Alabama. The informant told me that buyers would approach the door and exchange money for drugs thought an opening in a metal security door. I

---

EXHIBIT
1

crack cocaine around the toilet. I went to the living room and found pieces of crack cocaine on the floor, coffee table, and a night stand. We also found plant material believed to be marijuana. Officer Cochran found three compact disk cases with white powder and residue inside them. I photographed the apartment and collected the evidence. I field-tested several of the items we believed to be drugs and they were positive for cocaine. We did not seize or remove any money from the apartment. The evidence collected was taken to the City of Dothan evidence vault and later transferred to the Alabama Department of Forensic Science for testing. (Exhibit "I" lab analysis, Document No. 16-10 heretofore filed in this case). Mr. White was taken into custody without incident or injury. He was taken to the Dothan City Jail on September 7, 2007. I obtained a warrant from a Houston County Magistrate, Case No. DC 2007-2636. Mr. White was then transferred to the Houston County Jail where he made bond and was released. (Exhibit "A" Case Action Summary, Document No. 16-2 heretofore filed in this case). I did not violate Mr. White's constitutional rights. I entered the apartment with a valid search warrant signed by a Houston County District Judge. I had sufficient probable cause to arrest Mr. White when I found drugs and they field-tested positive for cocaine.

Sheriff Andy Hughes was not present during the search of the apartment or involved in the investigation or arrest of Mr. White on September 6, 2007. Likewise, Corrections Officer Keith Fitzgerald was not present during the search of the apartment or involved in the investigation or arrest of Mr. White on September 6, 2007.

On September 20, 2007, I received information that drugs were again being sold at 713 N. Cherry Street, Apt. 3. I provided a reliable confidential informant with $20.00 to purchase drugs from the apartment. The informant made a purchase at approximately 6:15 p.m. I field-tested the item and it was positive for cocaine. I then prepared an affidavit and a search warrant and took it

to Houston County District Judge, Brad Mendheim. He granted the search warrant at 7:50 p.m. on September 20, 2007. (Exhibit "K" Search Warrant, Document No. 16-12 heretofore filed in this case).

We knew there was a metal security door on the apartment. Therefore, Sergeant Andy martin called two members of the Dothan Police Department Special Response Team, Officers Ken Long and Jeremy Kendrick. They provided us with a halligan tool to pry open the door if necessary, and accompanied us to the apartment. During the prior search, we believed Mr. White was able to dispose of evidence by flushing it down the toilet. This time Officers Long and Kendrick went to the bathroom window and were instructed to deploy a flash bang device into the bathroom if the occupant tried to enter the bathroom while we were making entry into the apartment. At approximately 8:45 p.m., Sergeant Martin, Corporal Watson, Officer Parrish, Officer Cochran, and I approached the apartment. I knocked loudly and announced "police, search warrant!" I could hear someone moving in the house. We then began forcing open the metal security door with the halligan tool. While we were prying on the door, I heard flash bangs going off in the area of the bathroom. When we entered the apartment, we found Mr. Henry White in the living room. He was secured and we searched apartment. We found crack cocaine on the living room floor and a 7-Up can with a false compartment which contained a small amount of cocaine. Officer Long went to the bathroom to retrieve the flash bang canisters and discovered crack cocaine on the bathroom floor around the toilet. Apparently, Mr. White was again able to dispose of the majority of the drugs before we could enter the home. I photographed the apartment, including the minor damage to the front door, the broken bathroom window and powder residue on the bathroom floor from the flask bang. There was no other damage done to the apartment. I field-tested the drugs we found and they were positive for

cocaine. The Plaintiff was again arrested and charged with Unlawful Possession of a Controlled Substance. We did not seize or remove any money from Mr. White or his apartment. The evidence was secured in the Dothan Police Department evidence vault and later transferred to the Alabama Department of Forensic Science Laboratory for analysis. The evidence was positive for cocaine and marijuana. (Exhibit "M" Lab analysis, Document No. 16-14 heretofore filed in this case). Mr. White was not injured during the arrest and did not request any medical attention. Mr White was transported to the Dothan City Jail where he was processed. On September 21, 2007, I obtained a felony warrant for Mr. White and he was transported to the Houston County Jail, Case No. DC 2007-2743. (Exhibit "B" Case Action Summary, Document No. 16-3 heretofore filed in this case).

Sheriff Andy Hughes was not present during the search of the apartment or involved in the investigation or arrest of Mr. White on September 20, 2007. Likewise, Corrections Officer Keith Fitzgerald was not present during the search of the apartment or involved in the investigation or arrest of Mr. White on September 20, 2007.

Neither I nor any of the officers present violated Mr. White's constitutional rights. We entered the apartment with a valid search warrant. Mr. White was arrested after we discovered drugs and they field-tested positive for cocaine. I did not falsely arrest or imprison Mr. White.


JASON ADKINS

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Jason Adkins**, who being sworn

by me according to law, deposes and states that the matters and things alleged in the above Affidavit

are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 26th  day of February, 2008.

NOTARY PUBLIC
My Commission Expires: 2-11-2012

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY HORALD WHITE,<br>AIS #61001, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:08-CV-10-MEF |
| | ) | |
| ANDY R. HUGHES, JOHN POWELL, | ) | |
| KEITH FITZGERALD and JOHN ADKINS | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Andy R.**
**Hughes** who is the Sheriff of Houston County, Alabama who being by me first duly sworn, deposes
and says as follows:

I am Andy R. Hughes and I am the Sheriff of Houston County, Alabama. My principal duties
involve performing the law enforcement duties of a sheriff in the State of Alabama. I have personal
knowledge of the facts and information contained herein. I make this affidavit after review of the
subject matter of Plaintiff's Complaint and in an attempt to address Plaintiff's claims in this case.

With regard to Plaintiff's claims in this lawsuit, I was not personally or directly involved in
the transportation of the plaintiff which is made the basis of Plaintiffs' complaint. I was not

ANDY R. HUGHES - AFFIDAVIT                                                                 PAGE 1

EXHIBIT

2

personally or directly involved in the factual events made the basis of Plaintiffs' complaint.

_A. R. Hugh_

ANDY R. HUGHES

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Andy R. Hughes**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 25th day of February, 2008.

_Morgan Ennis_

NOTARY PUBLIC
My Commission Expires:  2-11-2012

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **HENRY HORALD WHITE,**<br>**AIS #61001,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 1:08-CV-10-MEF** |
| | ) |
| **ANDY R. HUGHES, JOHN POWELL,** | ) |
| **KEITH FITZGERALD and JOHN ADKINS** | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith Fitzgerald** who is a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department, who being by me first duly sworn, deposes and says as follows:

My name is Keith Fitzgerald, and I am over the age of nineteen (19) years and a resident of Miller County, Georgia.

I am presently employed by Houston County Sheriff's Department as a Corrections Officer serving as a Corrections Officer with the Houston County Sheriff's Department and was so employed at all times material to this lawsuit. My principal duties involve the administration of the Houston County Jail. I am a Certified Jail Technician and have received some training in nonviolent crisis intervention. Unless otherwise indicated expressly or by context, I have personal knowledge

---

**KEITH FITZGERALD - AFFIDAVIT**                                      **PAGE 1**



of the facts and information contained herein.

Plaintiffs claim that I "caused Plaintiff to fall and injure said person on October 5, 2007 at the Circuit Courthouse while wearing restraints" is false, (Inmate Complaint Document No. 1-2, page 4 of 6). I do not remember the exact date, but I do recall transporting the Plaintiff to and from Court one day. The Plaintiff was transported in the jail van and was wearing hand cuffs with belly chain and ankle restraints for security reasons. As the Plaintiff was exiting the van at the jail upon returning from the Courthouse, I do remember the Plaintiff slipping but he did not fall or strike the ground. The Plaintiff did not indicate in any way that his slip resulted in any pain or injury to him. According to the Plaintiff's jail files, the Plaintiff has never complained, sent an inmate request or grievance regarding an injury from a fall. The Plaintiff's complaint is the first time I have heard of such a complaint from him.

KEITH FITZGERALD

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Keith Fitzgerald**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 26th  day of February, 2008.

NOTARY PUBLIC
My Commission Expires: 2-11-2012

KEITH FITZGERALD - AFFIDAVIT                                              PAGE 2
G:\GCS\AFFIDAVITS\COUNTY\FITZGERALD\WHITE, HENRY H

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY HORALD WHITE,<br>AIS #61001, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:08-CV-10-MEF |
| | ) | |
| ANDY R. HUGHES, JOHN POWELL, | ) | |
| KEITH FITZGERALD and JASON ADKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith W. Reed** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Keith W. Reed and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since March of 2007. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's

EXHIBIT
4

complaint in an attempt to address plaintiff's claims in this case.

I have investigated the Plaintiff's complaints in this lawsuit and have found them to be without basis. The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. According to plaintiff's inmate file, the plaintiff has not filed any grievances. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. According to the docket officer on duty at the time he was booked into the jail the Plaintiff was given a copy of the Inmate Rules as attached hereto as **Exhibit A**. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit D**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit E** and is incorporated herein by reference

as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and correct copy of the plaintiff's jail inmate file as maintained by the officers of the Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as **Exhibit F**, and is incorporated herein by reference as if fully set forth.

A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail Policy Number E-601 of the Houston County Jail Policy and Procedure Directive relating to Inmate Correspondence is attached hereto as **Exhibit G** and is incorporated herein by reference as if fully set forth. The inmates are provided paper, pencil and envelopes on a weekly basis. Inmates that do not have money on their account at the jail are also provided stamps by the jail, otherwise, the inmates are charged the face value of the postage provided to them. Indigent inmates are provided two stamps, two envelopes and two sheets of paper every week. Unlimited postage is made available to indigent inmates for mail sent to the Courts. We also provide carbon paper for the inmates to make copies; otherwise, we do not provide a copy service.

With regard to plaintiff's allegations in his complaint regarding "unsanitary conditions," jail rules make it the responsibility of each inmate to clean their pods, which include shower areas, dayrooms and sleep areas as stated in **Exhibit A,** Inmate Rules of the Houston County Jail. Inmates are given cleaning products and cleaning supplies each day to clean their cells and pods. Inmates who do not follow the rules are subject to inmate disciplinary action according to established disciplinary procedure.

The jail also utilizes "pod cleaning teams" for each pod. A pod cleaning team consists of two inmates who clean the common areas of the pod three times a day. When inmates are rolled in after breakfast, at afternoon shift change, and night time roll in a fresh mop bucket with cleaning supplies is put into each pod for use by each pod cleaning team. The cleaning team uses disinfectant spray and wipes down all railings, chairs, tables, showers, toilets, and mops the floor of the common area of the pods three times a day

In addition to daily cleaning, shower walls were previously decontaminated with germicidal spray on a weekly basis. This germicide was causing the paint to peel from the shower walls. Contractors began installation of stainless steel shower walls in Pods A through H on January 11, 2007 and completed installation of the stainless steel shower walls on January 19, 2007. The shower walls are now cleaned and decontaminated using another type of disinfectant.

The Houston County Health Department inspects the inmate housing facility and food service area of the Houston County Jail on a quarterly basis. The inspection report(s) during the time complained of by the plaintiff do not list unsanitary conditions in the jail and none have been reported by corrections officers who conduct the cleaning inspections.

The Houston County Jail contracts out its pest control service to the commercial contractor who sprays all Houston County buildings. The jail is sprayed "as often as necessary in order to control household pests" in all ten Houston County buildings.

All of the vents and all of the duct work in the jail have been thoroughly cleaned. The thorough cleaning of all duct work and vents began July 24, 2007 and was completed August 10, 2007.

The ordinary cleaning and maintenance of the heating and cooling system (includes the "ventilation system") is performed by the Houston County Maintenance Department as with all Houston County buildings. The jail heating and cooling system has a two-stage filtering system with both pre-filters and filters. Both types of filters are changed every three months.

Plaintiff's claims related to "extreme over crowded conditions" and "sleeping on concrete floors" are false. There are times when the jail is temporarily over populated resulting in some inmates having to sleep on portable bunks but not on the floor.

From time to time inmates have had to temporarily sleep on plastic portable beds or other temporary bedding in a day room of a Pod until space became available and they could be placed in a cell. Inmates are not temporarily housed in the day room of a Pod as a form of punishment, but simply as an administrative matter usually from a temporary over population of inmates in the jail.

According to jail records the Plaintiff, while in the jail has always slept on an inmate bunk inside an assigned cell. As of January 1, 2008, Plaintiff has been assigned a bottom bunk due to his age and complaints of back pain. When available, the Plaintiff has been provided a second (extra) mattress for his back. The Plaintiff has not had to sleep on a temporary bunk but has at all times been assigned a bunk in one of the jail pods.

The Plaintiff's claims regarding budgeting and food for inmates are also false. The jail employs a food service director who sees that all inmates in the Houston County Jail are served a proper diet intended to meet all nutritional requirements. All menus for meals in the Houston County Jail are reviewed by a licensed dietician. Jail menus provide on average 3,000 calories per day with adequate nutrients according to standards set by Food and Nutrition Board of the National

Academy of Science. The food service director and staff prepare hot foods for the vast majority of meals and make reasonable efforts to preserve heat by covering the trays.

The food service area at the Houston County Jail is inspected by the Alabama Department of Public Health. Its inspection reports show the premises always passes said inspections, show generally high grades and have not had violations of "critical items". In addition to multiple cleanings each day, the kitchen at the Houston County Jail is regularly treated to manage and control pests.

According to the food service director, at all times complained of by the Plaintiff, the Plaintiff was served meals with an average of 3,000 calories per day with adequate nutrients according to standards set by Food and Nutrition Board of the National Academy of Science.

_____
KEITH W. REED


STATE OF ALABAMA,

HOUSTON COUNTY.


Before me, the undersigned authority, personally appeared **Keith W. Reed**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 26th day of February, 2008.

_____
NOTARY PUBLIC
My Commission Expires:    2-11-2012

## Houston County Sheriff's Department
## Jail Division
## Andy R. Hughes, Sheriff
### 901 East Main Street – Dothan, AL  36301
### (334) 712-0762 – Fax (334) 671-9479

---

### STATEMENT OF INMATE RULES

Order is essential to the safe and secure operation of the jail.  Inmate Rules describe the expected behavior of all inmates.  Inmates found in violation of rules shall be subject to disciplinary action and/or criminal action depending on the type of violation.  Violations will subject the inmate to sanctions or restriction of privileges.  All inmates found guilty of rule violations have a right to appeal.  Appeals must be submitted within 24 hours after receiving the sanction or restriction.

### LIST OF RULES

1.  Uniforms (jump suits) shall be worn at all times when an inmate is outside of his/her cell. The uniform shall be worn with the wording "Houston County Jail" on the outside and the uniform shall be buttoned completely.  While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt.  Females shall wear a bra under their T-shirts.  No bare skin will be exposed.

2.  Inmates shall not place any foreign objects in the jail doors to keep the door open or prevent locking.  All inmates housed in a cell shall be required to keep the cell clean and free of debris.

3.  Inmates shall not place any paper products or other type product over cell windows, vents, doors, lights or walls.

4.  Inmates shall not behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors or other inmates.

5.  Inmates shall not initiate any physical contact, assault or attempt to assault or perform any act that may endanger any Sheriff's Department personnel, other officer, inmate or visitor.

6.  Inmates shall not waste, abuse, damage or steal county property or the property of another.

7.  Inmates shall not incite any action that may threaten the safety or order of the jail.

8.  Inmates shall not commit any lewd or indecent sexual act or exhibitions.

9.  Inmates shall not possess or attempt to possess contraband either on his/her person, cell or under his/her control to include testing positive for drugs or alcohol.

10. Inmates shall not interfere with Sheriff's Department personnel, nor will they disobey an order or instructions given by Sheriff's Department personnel.

11. Inmates shall not leave his/her authorized area.

12. Inmates shall not wear anything covering their hair or head.

13. Inmates shall not touch or place any item on the sprinkler head in their cell.

14. Inmates shall not press the call buttons except in case of an emergency.

1

EXHIBIT

A

15.   Inmates shall not pass any item from one pod to another.

16.   Inmates shall not have money in the pods or on their persons.

17.   Male inmates shall have hair no longer than one (1) inch from the scalp.  Facial hair shall be no longer than one-quarter inch (1/4").  Hair cuts are mandatory and cannot be refused.

18.   Female inmates shall have hair no longer than collar length.  No special hairstyles are permitted. Hair cuts are mandatory and cannot be refused.

19.   Inmate's fingernails will be clipped to the tip of the finger.

20.   Inmates shall shower daily, including shampooing hair and changing clothes.

21.   Food service inmates shall wear a clean set of whites daily.

22.   Inmates shall wear their identification arm bands at all times.

23.   Inmates shall maintain their cells and common areas in a clean, sanitary and orderly condition.

24.   Inmates shall roll-in at all roll-in times.  Inmates assigned to day room access shall be on their mattress at all roll-in times.

## DAILY SCHEDULE

Roll-In/Roll-Out times will be posted in the pods.

Inmates shall roll-in at shift change times for inmate count and any other time when called by the officers.

Showers shall be taken during the following hours: 8:30 A.M – 10:30 A.M. and 5:00 P.M. – 8:30 P.M.

Religious services will be held on nights scheduled by the Jail Commander.

Meals will be served at the following times:

| | |
|---|---|
| Breakfast: | Approximately  5:00 A.M. |
| Lunch: | Approximately 11:00 A.M. |
| Supper: | Approximately  5:00 P.M. |

Each inmate is responsible for getting their own tray.  Cups shall be taken up after the supper meal and returned at the breakfast meal.

## ITEMS ALLOWED

**Items Issued**

| | | |
|---|---|---|
| Uniforms | Bath Cloth | Soap |
| Mattress | Blanket | Toilet Paper |
| Mattress Cover | Toothbrush | |
| Laundry Bag | Toothpaste | |
| Towel | Comb | |

2

<u>**Clothing Allowed to be Brought into the Facility**</u>

- **Undergarments, 6 pair, solid white only**
- **Socks, 6 pair, solid white only**
- **T-shirts, 6, solid white only (no pockets and no tank tops)**
- **White sweat shirt, sweat pants or thermal underwear, 1 each, elastic waistband, no pockets**
- **Shower shoes (flip-flops), 1 pair**
- **Tennis shoes, 1 pair, (SHALL BE NEW) no shoestrings or metal buckles**
- **Bras, 3, solid white with no under wire (Female inmates only)**

<u>**Hygiene Products Allowed (one each)**</u>

- **Stick deodorant**
- **Bar soap (no liquid soap)**
- **Shampoo (clear plastic bottle)**
- **Hair grease/gel**

**All hygiene products shall be in the original container, clear plastic bottles and shall have see-through contents and original seal.**

<u>**Other Items Allowed**</u>

- **Legal papers**
- **Personal letters (not to exceed 10 letters)**
- **1 Soft-back Bible or equivalent**
- **2 legal pads, letter size with no wire binding**
- **25 envelopes with stamps**
- **3 jail pencils**
- **2 Commissary purchased jail ink pens**
- **2 Personal soft cover books**

## COMMISSARY PURCHASES

**Authorized weekend visitors may only deposit money orders into the inmate commissary fund for the inmate being visited. <u>ONLY MONEY ORDERS WILL BE ACCEPTED.</u>**

**Only money orders will be accepted through the mail.**

**Inmate workers assigned to outside duties will only be allowed to have money contributed to their fund on Saturdays and Sundays. Each inmate is allowed $5 per day, not to exceed $25 per week.**

## ACCEPTANCE OF PERSONAL ITEMS

**The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate upon release. <u>The inmate must sign a property return receipt at release or transfer time.</u>**

3

## TELEVISION

Television is a privilege. The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer. Inmates are not to tamper with the television or its cords.

## CELL ASSIGNMENTS

Inmates are assigned to a cell or dayroom area and shall not change their assignment on their own. Inmates must return to their assigned cells at all roll-in times. An inmate's cell or dayroom assignment may be changed at anytime by Sheriff's Department personnel.

**When the inmate leaves his/her cell for the dayroom, the bed must be made up properly.**

## JAIL LIBRARY

Library books are available once a week at the discretion of the Sergeant assigned to library duty. Inmates may check out a maximum of two books per week.

## INMATE WORKERS

**Requirements for inmate workers**

1. Inmate shall be convicted.
2. Inmate shall not have a record of violence or sexual crimes or be a high risk.
3. All inmates must be medically approved.
4. Inmate shall not be convicted of manufacturing or trafficking in drugs.
5. The Jail Commander must approve all inmate workers.

**Rules of Inmate Workers**

1. Inmate workers shall perform work duties as assigned.
2. Workers shall remain in work areas assigned and may be searched at any time.
3. Outside workers shall inform control of their duties and location at all times.
4. Inmate workers shall not enter the control room or jailer's booth, unless escorted.
5. Road and Bridge and Farm Center workers shall not have visitors at their work site.
6. Inmates who have lost their worker status through misconduct will not be reinstated as a worker.

## TELEPHONE CALLS

1. Inmates shall not receive any telephone calls nor will any messages be forwarded for calls.
2. Legitimate emergency messages will be handled by the jail Chaplain between the hours of 7 A.M. and 4 P.M.
3. Jail personnel will only give out the charge, amount of the bond or sentence regarding an inmate. **NO COURT DATES WILL BE GIVEN OUT.**
4. Inmates may make collect calls using the inmate telephone system located in the dayroom. These calls <u>may be</u> monitored or recorded.

5. Inmates are not allowed to use the phone at the docket area, except at the time of booking.

6. Upon written request by an inmate, the docket officer may call a bonding company of the inmate's choice.

## VISITATION RULES

1. <u>The Houston County Jail is a non-contact visiting jail.</u>    Only attorneys meeting in private conference with inmate clients are allowed contact visits.

2. Inmates shall complete a visitation list to see visitors.  Visitors, including children, shall not be allowed to visit if their name is not on the visitation list.  The list is restricted to 8 names.

3. No additions or deletions will be made to visitation list for a period of 90 days.

4. Visitors 16 years and older shall present a current photo ID or driver's license before entry. Visitor under 16 years shall have a social security card, a birth certificate or be admitted at the discretion of the jail supervisor.

5. Only two (2) people, including children, shall be allowed to visit per inmate.  Visitors must come and leave together.

6. The jail supervisor may refuse an inmate visitation privileges.

7. <u>Weekday visits will only be approved if the visitor presents proof that they reside more than 100 miles from the Houston County Jail and present proper identification and proof of residency.</u> Out of town visits are for visitors who can not visit on regular visiting days. Visitors can not visit on the weekend and during the week.

8. Inmates shall not be allowed visitors while serving time on lock-down.

9. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

10. Visitors shall not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps or strapless tops; no slit skirts or dresses.  No see-through clothing or low cut necklines shall be worn.  No visitor shall wear any clothing that exposes the body to bare skin from the shoulders to the knees.  Arms are excluded.

## Visitation Schedule

| Saturday | 8:00 A.M. to 10:30 A.M.<br>I, J, K, L, M, N and O pods -- (Males only) |
| --- | --- |
| | 1:00 P.M. to 3:30 P.M.<br>K, L, TR and WK pods -- (Females only) |
| Sunday | 8:00 A.M. to 10:30 A.M.<br>A thru D pods |
| | 1:00 P.M. to 3:30 P.M.<br>E thru H pods |

## MAIL

1.  Mail will be inspected for contraband to ensure facility safety.

2.  No hand-delivered mail or packages will be accepted.  Envelopes larger that 5" x 7" will not be accepted.

3.  Inmates may receive money orders through regular mail.  These items must be made payable to: <u>Inmate Drawing Account and must include the inmates name and inmate number.</u>

4.  Mail received, including Religious mail, for the inmate will be documented, opened and inspected before delivery to the inmate.  Legal mail received for the inmate will be opened by the inmate in the presence of an officer and all pages opened out. <u>Legal mail will not be read by the officer.</u>

5.  Outgoing mail will be taken up each morning by the corrections officer.  All outgoing mail, except legal mail, shall be left unsealed so it may be inspected.  Incoming mail will be delivered to the addressed inmate only.

6.  All incoming and outgoing mail must have the sender's first and last name, complete address, inmate # and pod location on the envelope. No nicknames will be accepted.

    Example:      John Doe
                  #00000, Pod A, B, C or D
                  901 E. Main St.
                  Dothan, AL  36301

                              Jane Doe
                              #00000, Pod WK or TR
                              901 E. Main St.
                              Dothan, AL  36301

## LAW LIBRARY

The facility has a constitutionally accepted law library for inmate use.  The inmate shall submit a request to the sergeant on duty to visit the law library.  <u>A request form shall be filled out for EACH TIME the inmate wishes to go to the law library</u>.  The sergeant will arrange for use of the library by pod designation.  Inmates cannot remove any book from the library.  The facility does not provide a librarian.

## LIVING AREA REQUIREMENTS

1.  Inmate's towel and bath cloth shall be hung on the foot of the bed and centered.  The towel shall be hung up first and the bath cloth hung neatly on top of the towel.

2.  Shoes shall be placed underneath the right side of the bunk at the foot of the bunk with the toes turned out.

3.  The bunk shall be neatly made daily.

4.  Bunks shall be in compliance from 8:30 A.M. until 9:00 P.M. daily.

5.  No items shall be stored underneath the bunk except for shoes.  The inmate shall keep his area clean and clear of litter.

6.  Inmates shall not store or place items, of any kind, on the window of the cell.

7.    Personal items shall be stored in the drawer underneath the bunk.  Inmates assigned to a cell without a drawer shall place their items neatly at the foot of their bunk.

8.    Items shall not be stored underneath the mattress.

## MEDICAL CARE

1.    Inmates are charged co-pay for medical care at the jail.  Inmate medical care is <u>NOT</u> free. Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves" (Code of Alabama 14-6-19).

2.    Inmate medical co-pay is taken from the inmate's commissary fund.

3.    The inmate will be charged co-pays for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| Hospital Visit | $20.00 |
| Doctor Visit | $20.00 |
| P.A. or Practitioner Visit | $20.00 |
| LPN Visit | $ 5.00 |
| EMT Visit | $ 2.00 |
| Lab/X-Ray | $20.00 |
| Prescription (each) | $10.00 |
| Non-prescription (each) | $ .50 |
| Dental Visit | $20.00 |

4.    Inmates shall not ask questions during medication pass.

5.    "Med call" is announced prior to the nurse arriving in each area.  Any inmate not standing by the pod door will forfeit their medication and be noted as being absent.

## CHAPLAIN SERVICES

The jail has a staff chaplain on full-time duty.  A 24-hour call is maintained for inmates who request emergency Chaplain services.

Inmates SHALL request chaplain services in writing.  Inmate request forms may be obtained from the corrections officer on duty.  A guide for Chaplain services is available upon written request.

Inmates who are members of an established religious body may be visited by the clergy of the religious body at times listed.

<u>Monday through Friday</u>
8:30 A.M.  to  2:30 P.M.
4:30 P.M.  to  9:00 P.M.

<u>Saturday and Sunday</u>
4:00 P.M. to 5:00 P.M.
7:00 P.M. to 9:00 P.M.

At the discretion of the supervisor on duty, inmates on disciplinary lockdown may be visited by clergy.

Clergy shall show proof that they are ministers of an established religious body of which the inmate desiring a visit is a declared member. Clergy shall complete a visitation form provided by the jail facility before they are allowed visitation.  Ministers are required to complete the visitation form only once.

Pastoral visits are discouraged on Saturdays and Sundays due to weekend visitation.

Non-denominational services are held during the evenings on Monday, Tuesday and Thursday of each week. Other services and classes are held at the discretion of the chaplain and based on availability of space and time.

Attendance at the religious services is not mandatory for the inmate. The privilege to attend religious services may be revoked by the supervisor on duty for misbehavior during the service or any violation of the inmate rules.

If Clergy has family members that are incarcerated, a member of the Clergy's religious body may visit the inmate as clergy. The remaining visits will be at regular visiting times assigned to the inmate. Clergy will be any minister employed by the established religious organization.

<u>Clergy must be listed on inmate visitation card.</u>   <u>One Clergy visit per inmate per week.</u>

## CONTRABAND

Items not listed as allowed by theses rules are prohibited and therefore contraband. All contraband items will be seized, documented and disposed of.

## GRIEVANCE PROCEDURE

In the event that an inmate has a grievance, the inmate will complete and submit a grievance form. The grievance will be assigned to an Officer who will investigate the grievance. The inmate will be informed of the decision in writing. Actions taken will be documented.

The inmate may appeal the decision of the investigating officer, in writing, to the Jail Commander who is the final appeal for an inmate's grievance.

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                                    Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE:**

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.

ACJS 13-001

**EXHIBIT**     **B**

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                                    Policy Number: E-302

**POLICY:**

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

**PROCEDURE:**

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event.  In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form.  If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.

**EXHIBIT**          **C**

# INMATE GRIEVANCE FORM

DATE:_____     INSTITUTION:_____

NAME:_____     INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:

_____

_____

_____

_____

_____

_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ? _____

_____

_____

_____

_____

_____

_____

DATE HEARING:_____

COMMITTEE FINDING OR RESPONSE:_____

_____

_____

_____

_____

REFERRED TO:_____     POSITION:_____

CHAIRMAN:_____     MEMBER:_____

MEMBER:_____     WARDEN:_____

AGREE_____   DISAGREE:_____     (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE:_____

_____

_____

_____

_____

DATE GRIEVANCE FILED:_____     TIME FILED:_____

SHIFT COMMANDER:

**EXHIBIT**

**D**

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued: May 1, 1999                              Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request. Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT**

**E**

# HOUSTON COUNTY JAIL
## JAIL DOCKET CARD

0923

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 61001 | White | Henry | Horaco | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| DPD | 9-21-07 | | | | |

| RISK | STATUS | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|
| | | | D | | Fih | Adkins |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| | 6-25-41 | 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 | B | M | 613 | 170 | Blk | Bn | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| | | | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | |

| HOLD 1 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| | | | | | |

| ADDRESS | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 713 N. Cherry ST | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Johnny May White | | | | Sister |

REMARKS: _____

| DID INMATE RECEIVE PHONE CALL?  { } Y  { } N | DID INMATE RECEIVE JAIL RULES?  { } Y  { } N |
|---|---|
| INMATE SIGNATURE  X | INMATE SIGNATURE  X |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2926

EXHIBIT
F

| CHARGE UPCS | | | WARRANT # NO WA | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | 10-9-07 1:00pm | | | | | |
| 15,000 | | | | | | | |
| | | | | | | | |

| CHARGE FTP UPCS | | | WARRANT # | DC/TR 07-2636 | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| 0 | | | | | | | |
| | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
|---|---|---|---|---|---|---|---|
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |

```
                        HOUSTON COUNTY SHERIFFS OFFICE
09/21/2007    15:26:07         INMATE BOOKING SHEET                PAGE   : 1
==============================================================================
BOOKING NO: 070003967

 INMATE NAME: WHITE HENRY HAROLD
       ALIAS:                                  RACE: B       SEX: M
       ALIAS:                                    HT: 6'01"  HAIR: BLK
     ADDRESS: 713 NORTH CHERRY ST                WT: 190    EYES: BRO
 CITY/ST/ZIP: DOTHAN, AL 36301               COMPLEX:
  HOME PHONE: 000-000-0000                       SSN: 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
         DOB: 06/25/1941  AGE:  66             DL ST:         DLN:
  PLCE BIRTH: AUSTIN                             SID:
       STATE: TX                               LOCID: 61001
   M. STATUS: SINGLE
    RELIGION:
  GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
     REMARKS:
------------------------------ NEXT OF KIN -----------------------------------
 NEXT OF KIN: JOHNNY MAY WHITE              RELATIONSHIP: SISTER
     ADDRESS:                                      PHONE: 000-000-0000
 CITY/ST/ZIP: ,
     REMARKS:
----------------------------- EMPLOYER INFO ----------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
-------------------------------- MEDICAL -------------------------------------
 HANDICAPPED:      NEEDS:
     GLASSES:      SMOKE:
MEDICAL NEEDS:     NEEDS: DIABETIC
    PHYSICIAN:                    PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------- PROPERTY -------------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: SHIRT PANTS
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
==============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____ DATE: _____ TIME: _____

BOOK OFFICER: _____ DATE: 9-21-07  TIME: 1640
```

```
09/21/2007      15:26:07      HOUSTON COUNTY SHERIFFS OFFICE         PAGE    2
                              INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 070003967      INMATE NAME: WHITE HENRY HAROLD
==============================================================================
          COURT:                      ATTORNEY ON REC:
          JUDGE:                            PHONE: 000-000-0000
        REMARKS:
        REMARKS:
------------------------------------------------------------------------------
     BOOK DATE: 09/21/2007  BOOK TIME: 15:24  BOOK TYPE: NORMAL

    ARREST DATE: 09/21/2007         BOOKING OFFICER: K.FITZGERALD
    ARREST DEPT: DPD                CELL ASSIGNMENT: MP
  ARRST OFFICER: ADKINS                   MEAL CODE: 01   HOUSTON COUNTY
  PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: 1ST SHIFT            CLASSIFICATION: HOUSTON
   TYPE SEARCH: PAT DOWN              WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

       NOTES:
       NOTES:
       NOTES:
```

```
09/21/2007    15:26:07      HOUSTON COUNTY SHERIFFS OFFICE          PAGE    3
                            INMATE CHARGE SHEET
===============================================================================
BOOKING NO: 070003967      INMATE NAME: WHITE HENRY HAROLD
===============================================================================
  CHARGE NO:  1  DISPOSITION: PENDING           HOLD: N

ALA STATUTE:                          # OF COUNTS:   1
    OFFENSE: UPCS                     WARRANT #: NO WA
     CASE #:
   BOND AMT: 15,000                          FINE:      $0.00
   BAIL AMT:
 INIT APPEAR: 10/09/2007            SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 09/21/2007              ARST AGENCY: DPD
 ARST OFFICR: ADKINS                      COUNTY:
       COURT:                              JUDGE:
 DEF ATTORNY:                       DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
-------------------------------------------------------------------------------
```

# HOUSTON COUNTY SHERIFFS OFFICE

## INMATE INFORMATION SHEET

Page    1

| | |
|---|---|
| BOOKING NO:    **070003967** | LOCAL ID:   **61001** |

Name    : **WHITE HENRY HAROLD**

Address : **713 NORTH CHERRY ST**

City    : **DOTHAN**          State: **AL** Zip: **36301**



## Physical Description

| | | |
|---|---|---|
| Race : | **BLACK** | Hair : **BLACK** |
| Gender: | **MALE** | Eyes: **BROWN** |
| Height: | **6 ' 01 "** | Complexion:  **UNKNOWN** |
| Weight: | **190** | DOB:  **06/25/1941**      Age: **66** |

Scars/Tattoos:

## Personal Information

| | |
|---|---|
| DL State : | Home Phone: |
| DL Number: | Work Phone: |
| SSN:  **467 64 0287** | |
| SID: | |

## Booking Information

| | |
|---|---|
| Arrest Date: **09/21/2007** | Booking Officer: **K.FITZGERALD** |
| Arrest Dept: **DPD** | Booking Date: **09/21/2007** |
| Arrest Offcr: **ADKINS** | Booking Time: **15:24** |
| Search Offcr: **1ST SHIFT** | Facility: **01** |
| Meal Code: **01** | Cell Assignment: **MP** |

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| **UPCS** | **$00.00** | **15,000** | **PENDING** |

61001
09-07-07
(008)

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2007 002636.00
OPER: AMI                      CASE ACTION SUMMARY
PAGE:    1                   DISTRICT   CRIMINAL                RUN DATE: 09/07/2007
=====================================================================================
IN THE DISTRICT COURT OF  HOUSTON
                                                                        JUDGE: CLL
STATE  OF  ALABAMA                    VS      WHITE HENRY HARALD
CASE: DC 2007 002636.00                       713 N CHERRY ST APT 3
                                              DOTHAN, AL  36303 0000
DOB: 06/25/1941          SEX: M  RACE: B  HT: 6 03  WT: 170   HR: BLK EYES: BRO
SSN: 467640287  ALIAS NAMES:
=====================================================================================
CHARGE01: POSS CONTR. SUBS.    CODE01: UPCS  LIT: POSS CONTR. SU TYP: F #: 001
OFFENSE DATE: 09/06/2007              AGENCY/OFFICER: 0380100 J. ADKI
DATE WAR/CAP ISS:                    DATE ARRESTED: 09/06/2007
DATE    INDICTED:                    DATE    FILED: 09/07/2007
DATE    RELEASED:                    DATE  HEARING:
BOND      AMOUNT:        $5,000.00      SURETIES:
DATE 1: 09/07/2007   DESC: APPD        TIME: 0200 P
DATE 2:              DESC:             TIME: 0000
TRACKING NOS: WR 2007 018792 00  /
    DEF/ATY:                        TYPE:  C                          TYPE:
                            00000                      00000
PROSECUTOR:
=====================================================================================
OTH CSE: WR200701879200 CHK/TICKET NO: WR2007018792    GRAND JURY: 086-01/08
COURT REPORTER:                    SID NO:    000000000
DEF STATUS: JAIL                   DEMAND:                OPER: AMI
=====================================================================================
DATE        ACTIONS,  JUDGEMENTS,  AND  NOTES
```

9/7/2007  Defendant before the Court and advised of
          his/her rights Hon _____
          is appointed counsel for the Defendant.
          Trial/Preliminary Hearing is set for

                    District Judge

W1001

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: DC 2007 002743.00
OPER: SAN                  CASE ACTION SUMMARY
PAGE:  1                   DISTRICT  CRIMINAL                  RUN DATE: 09/21/2007
===============================================================================
IN THE DISTRICT COURT OF  HOUSTON                                    JUDGE: CLL

STATE  OF  ALABAMA                    VS      WHITE HENRY HARALD
                                              713 N CHERRY ST APT 3
CASE: DC 2007 002743.00
                                      DOTHAN, AL   36303 0000

DOB: 06/25/1941          SEX: M  RACE: B  HT: 6 03  WT: 170   HR: BLK EYES: BRO
SSN: 467640287  ALIAS NAMES:
-------------------------------------------------------------------------------
CHARGE01: POSS COCAINE        CODE01: VPCC  LIT: POSS COCAINE   TYP: F #: 001
OFFENSE DATE: 09/20/2007              AGENCY/OFFICER: 0380100 ADKINS

DATE WAR/CAP ISS:                     DATE ARRESTED: 09/20/2007
DATE    INDICTED:                     DATE    FILED: 09/21/2007
DATE    RELEASED:                     DATE  HEARING:
BOND    AMOUNT:      $15,000.00       SURETIES:

DATE 1:          DESC:                TIME: 0000
DATE 2:          DESC:                TIME: 0000

TRACKING NOS: WR 2007 018845 00  /                         /

  DEF/ATY:                           TYPE:                          TYPE:

                          00000                       00000

PROSECUTOR:
-------------------------------------------------------------------------------
OTH CSE: WR200701884500 CHK/TICKET NO: WR2007018845      GRAND JURY: 124-01/08
COURT REPORTER:                  SID NO:       000000000
DEF STATUS: JAIL                 DEMAND:                            OPER: SAN
===============================================================================
DATE         ACTIONS,  JUDGEMENTS,  AND  NOTES
===============================================================================
```

9-24-2007 | Defendant before the Court and advised of
          | his/her rights Hon. _M. Spiv001_
          | is appointed counsel for the Defendant.
          | Trial/Preliminary Hearing is set for
          |
          |
          |      District Judge

## ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| ① Yes | ① Yes |
| ② No | ② No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

### IDENTIFICATION

| 1 ORI | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0,3,5,0,1,0,0 | Dothan Police Department | 91,07,2,0,3,2,2 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| White, Henry Horald | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | ①SCARS | ②MARKS | ③TATOOS | ④AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ①M ②F | ①W ②B ③A ④I | 6'3 | 170 | Brn | Gry | Med | | | | | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Dawson          TX | 4167-16141-10,2,8,7 | 09 25 44 | 66 | 61001 |

| 20 SID # | 21 FINGERPRINT CLASS    KEY    MAJOR    PRIMARY    SCDV    SUB-SECONDARY    FINAL | 22 DL # | 23 ST |
|---|---|---|---|
| | | N/A | |

| 24 FBI # | HENRY CLASS | 25 IDENTIFICATION COMMENTS |
|---|---|---|
| | NCIC CLASS | |

| 26 ☐ RESIDENT  ☒ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 36301 | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 713 N. Cherry St. Apt. 3 Dothan AL 36301 | N/A | |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| N/A | | ( ) |

### ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) 36301 | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☐ YES ☐ NO |
|---|---|---|
| 713 N. Cherry St. Apt. 3 Dothan AL | 1 1 8 2 0 N C | |

| 36 CONDITION OF ARRESTEE: | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON |
|---|---|---|---|---|
| ①DRUNK ②SOBER ③DRUGS | ①YES ②NO | ①NONE ②OFFICER ③ARRESTEE | ①Y ②N | ①HANDGUN ②RIFLE ③SHOTGUN    ④OTHER FIREARM ⑤OTHER WEAPON |
| ②DRINKING | | | | |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 09 06 07 | 7:30 ①AM ②PM ③MIL. | S M T W T F S 1 2 3 4 5 6 7 | ①ON VIEW ②WARRANT CALL | ①YES ②NO ③UNKNOWN |

| 46 CHARGE–1 ①FEL ②MISD | 47 UCR CODE | 48 CHARGE–2 ①FEL ②MISD | 49 UCR CODE |
|---|---|---|---|
| UPCS | 3532 | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| 13A-12-212 | | | | | |

| 56 CHARGE–3 ①FEL ②MISD | 57 UCR CODE | 58 CHARGE–4 ①FEL ②MISD | 59 UCR CODE |
|---|---|---|---|
| | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| | | | | | |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ①HELD ④TOT–LE ②BAIL ⑤OTHER ③RELEASED | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

### VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 78 VIN | 79 IMPOUNDED? ①YES ②NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|
| | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|
| | |

### JUVENILE

| 82 JUVENILE DISPOSITION: | ①HANDLED AND RELEASED ②REF. TO JUVENILE COURT | ③REF. TO WELFARE AGENCY ④REF. TO OTHER POLICE AGENCY | ⑤REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|
| | | | | |

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|
| | | |

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|
| | | | |

### RELEASE

| 91 DATE AND TIME OF RELEASE M D Y : ①AM ②PM ③MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| | | |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ①YES ②NO ③PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|
| | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| Bond $1,000 |

| LOCAL USE |
|---|
| |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|
| | | |

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| Adkins, Jason | 475 | | | ID # | ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC–34 REV. 10-90

(STAPLE HERE)

LEAVE BLANK

CRIMINAL

STATE USAGE

NFF SECOND

SUBMISSION     APPROXIMATE CLASS     AMPUTATION     SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**WHITE, HENRY HAROLD**

USAGE

SOCIAL SECURITY NO.     LEAVE BLANK

**467640287**

ATURE OF PERSON FINGERPRINTED

SES/MAIDEN
T NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| | STATE IDENTIFICATION NO. | DATE OF BIRTH | MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| | | 19410625 | | M | B | 511 | 190 | BRO | BLK |

FBI NO.

1. R. THUMB     2. R. INDEX     3. R. MIDDLE     4. R. RING     5. R. LITTLE

6. L. THUMB     7. L. INDEX     8. L. MIDDLE     9. L. RING     10. L. LITTLE

5701LD #npbase 20070907-19:47

ID 50X50G8 TPFC #1107 19:42:44

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY     L. THUMB     R. THUMB     RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

FEDERAL BUREAU OF INVESTIGATION    UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

PRIVACY ACT (P.L. 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| JUVENILE FINGERPRINT SUBMISSION | YES | | DATE OF ARREST MM DD YY 20070907 | ORI CONTRIBUTOR ADDRESS | AL0380000 HOUSTON CO SD DOTHAN AL |
|---|---|---|---|---|---|
| TREAT AS ADULT | YES | | | | |

SEND COPY TO: (ENTER ORI)

| | DATE OF OFFENSE MM DD YY 20070907 TX | REPLY DESIRED? YES Y |
|---|---|---|
| MISCELLANEOUS NUMBERS | | PLACE OF BIRTH (STATE OR COUNTRY) |

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

COUNTRY OF CITIZENSHIP
US

RESIDENCE/COMPLETE ADDRESS
713        NORTH CHERRY ST

| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER) J38 Keith Fitzgerald | LOCAL IDENTIFICATION/REFERENCE 61001 | CITY DOTHAN | STATE AL 36301 |
|---|---|---|---|

PHOTO AVAILABLE?    YES    X

EMPLOYER    IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO.

PALM PRINTS TAKEN?    YES

OCCUPATION
DISABLED

CHARGE/CITATION
20070907    5503
DRUGS
UPCS

DISPOSITION
1

2

2.

1

3

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

49 (Rev 5-11-99)

LEAVE BLANK          CRIMINAL

STATE USAGE
NFF SECOND

SUBMISSION      APPROXIMATE CLASS      AMPUTATION      SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**WHITE, HENRY HAROLD**

STATE USAGE

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.
**467640287**

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 19410625 | M | B | 511 | 190 | BRO | BLK |



| 1. R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

ID 50X50G8 TPFC #1107 19:42:44

5701LD #npbase 20070907-19:47

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY

L. THUMB     R. THUMB

RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV

PRIVACY ACT OF 1974 (P.L. 93-579) THE AUTHORITY OR SUCH DISCLOSURE IS VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT FROM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBERS IS REQUESTED WHETHER

| | | | |
|---|---|---|---|
| JUVENILE FINGERPRINT SUBMISSION | YES | DATE OF ARREST  MM DD YY  **20070907** | ORI  CONTRIBUTOR  **AL0380000** |
| TREAT AS ADULT | YES | | ADDRESS  **HOUSTON CO SD**  **DOTHAN AL** |
| SEND COPY TO (ENTER ORI) | | DATE OF OFFENSE  MM DD YY  **20070907**   **TX** | REPLY DESIRED?  YES  **Y**  PLACE OF BIRTH (STATE OR COUNTRY)  COUNTRY OF CITIZENSHIP  **US** |
| MISCELLANEOUS NUMBERS | | SCARS, MARKS, TATTOOS, AND AMPUTATIONS | |

| | | |
|---|---|---|
| | RESIDENCE/COMPLETE ADDRESS  **713   NORTH CHERRY ST** | CITY  **DOTHAN**   STATE  **AL**   **36301** |
| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER)  **J38**  **Keith Fitzgerald** | LOCAL IDENTIFICATION/REFERENCE  **61001** | PHOTO AVAILABLE?  YES  **X**  PALM PRINTS TAKEN?  YES |
| EMPLOYER   IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY  IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO. | | OCCUPATION  **DISABLED** |

CHARGE/CITATION
1. **20070907   5503**
   **DRUGS**
   **UPCS**

DISPOSITION
1.

2.

2.

3.

3.

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

STATE BUREAU STAMP

D-249 (Rev. 5-11-99)

# HOUSTON COUNTY SHERIFFS OFFICE

## INMATE INFORMATION SHEET

Page    1

| BOOKING NO:   070003791 | LOCAL ID:   61001 |
|---|---|

Name    : **WHITE HENRY HAROLD**

Address : **713 NORTH CHERRY ST**

City    : **DOTHAN**          State: **AL** Zip: **36301**



## Physical Description

Race  :  **BLACK**           Hair :  **BLACK**

Gender:  **MALE**            Eyes:  **BROWN**

Height:  **6 ' 01 "**        Complexion:  **UNKNOWN**

Weight:  **190**             DOB:  **06/25/1941**        Age: **66**

Scars/Tattoos:

## Personal Information

DL State :                   Home Phone:

DL Number:                   Work Phone:

SSN:  **467 64 0287**

SID:

## Booking Information

Arrest Date: **09/07/2007**          Booking Officer: **K.FITZGERALD**

Arrest Dept: **DPD**                 Booking Date: **09/07/2007**

Arrest Offcr: **ADKINS**             Booking Time: **19:12**

Search Offcr: **3RD SHIFT**          Facility: **01**

Meal Code: **01**                    Cell Assignment: **K-3**

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| **UPCS** | **$00.00** | **1,000** | **PENDING** |

```
                           HOUSTON COUNTY SHERIFFS OFFICE
09/07/2007    19:16:55        INMATE BOOKING SHEET                     PAGE     1
================================================================================
BOOKING NO: 070003791

INMATE NAME: WHITE HENRY HAROLD
       ALIAS:                               RACE: B       SEX: M
       ALIAS:                               HT: 6'01"  HAIR: BLK
     ADDRESS: 713 NORTH CHERRY ST           WT: 190    EYES: BRO
 CITY/ST/ZIP: DOTHAN, AL 36301            COMPLEX:
  HOME PHONE: 000-000-0000                   SSN: 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
         DOB: 06/25/1941  AGE:  66         DL ST:        DLN:
   PLCE BIRTH: AUSTIN                        SID:
       STATE: TX                           LOCID: 61001
   M. STATUS: SINGLE
    RELIGION:
  GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
     REMARKS:
------------------------------ NEXT OF KIN -------------------------------------
 NEXT OF KIN: JOHNNY MAY WHITE           RELATIONSHIP: SISTER
     ADDRESS:                                   PHONE: 000-000-0000
 CITY/ST/ZIP: ,
     REMARKS:
----------------------------- EMPLOYER INFO ------------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
------------------------------- MEDICAL ----------------------------------------
 HANDICAPPED:     NEEDS:
     GLASSES:     SMOKE:
MEDICAL NEEDS:    NEEDS: DIABETIC
   PHYSICIAN:                       PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------- PROPERTY ---------------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: NONE
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                      DATE:            TIME:

BOOK OFFICER:                DATE: 9.7 01     TIME: 2040
```

```
09/07/2007      19:16:55          HOUSTON COUNTY SHERIFFS OFFICE                PAGE    2
                                  INMATE BOOKING SHEET
============================================================================
BOOKING NO: 070003791          INMATE NAME: WHITE HENRY HAROLD
============================================================================
           COURT:                    ATTORNEY ON REC:
           JUDGE:                             PHONE: 000-000-0000
         REMARKS:
         REMARKS:
----------------------------------------------------------------------------
     BOOK DATE: 09/07/2007  BOOK TIME: 19:12  BOOK TYPE: NORMAL

    ARREST DATE: 09/07/2007          BOOKING OFFICER: K.FITZGERALD
    ARREST DEPT: DPD                 CELL ASSIGNMENT: K-3
 ARRST OFFICER: ADKINS                     MEAL CODE: 01  HOUSTON COUNTY
 PROJ. RLSDATE: 00/00/0000                  FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: 3RD SHIFT             CLASSIFICATION: HOUSTON
   TYPE SEARCH: PAT DOWN                 WORK RELEASE: N
 INTOX RESULTS:

         HOLDS: N
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
09/07/2007    19:16:55      HOUSTON COUNTY SHERIFFS OFFICE
                            INMATE CHARGE SHEET                      PAGE    3
================================================================================
BOOKING NO: 070003791      INMATE NAME: WHITE HENRY HAROLD
================================================================================
  CHARGE NO:  1  DISPOSITION: PENDING            HOLD: N

ALA STATUTE:                          # OF COUNTS:   1
   OFFENSE: UPCS                       WARRANT #: NO WA
    CASE #:
  BOND AMT: 1,000                            FINE:      $0.00
  BAIL AMT:
INIT APPEAR: 10/09/2007          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 09/07/2007           ARST AGENCY: DPD
ARST OFFICR: ADKINS                   COUNTY:
      COURT:                           JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
09/07/2007      19:27:33          HOUSTON COUNTY SHERIFFS OFFICE          PAGE    1
                                  INMATE RELEASE SHEET
===============================================================================
BOOKING NO: 070003791

INMATE NAME: WHITE HENRY HAROLD
       ALIAS:                                      RACE: B      SEX: M
       ALIAS:                                      HT: 6'01"  HAIR: BLK
     ADDRESS: 713 NORTH CHERRY ST                  WT: 190    EYES: BRO
 CITY/ST/ZIP: DOTHAN, AL 36301                 COMPLEX:
 HOME PHONE: 000-000-0000                          SSN: 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
         DOB: 06/25/1941   AGE:  66            DL ST:          DLN:
   PLCE BIRTH: AUSTIN                             SID:
       STATE: TX                               LOCID: 61001
   M. STATUS: SINGLE
    RELIGION:
  GANG ASSOC:
SCARS/TATTOOS:
KNOWN ENEMIES:
     REMARKS:
------------------------------- NEXT OF KIN -------------------------------
 NEXT OF KIN: JOHNNY MAY WHITE                RELATIONSHIP: SISTER
     ADDRESS:                                       PHONE: 000-000-0000
 CITY/ST/ZIP: ,
     REMARKS:
------------------------------ EMPLOYER INFO ------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
-------------------------------- MEDICAL --------------------------------
 HANDICAPPED:      NEEDS:
     GLASSES:      SMOKE:
MEDICAL NEEDS:     NEEDS: DIABETIC
   PHYSICIAN:                        PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
-------------------------------- PROPERTY --------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: NONE
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                              DATE:           TIME:

BOOK OFFICER:                        DATE: 8-9-U     TIME: 2040
```

```
09/07/2007    19:27:33         HOUSTON COUNTY SHERIFFS OFFICE                PAGE    2
                               INMATE RELEASE SHEET
================================================================================
BOOKING NO: 070003791    INMATE NAME: WHITE HENRY HAROLD
================================================================================
          COURT:                        ATTORNEY ON REC:
          JUDGE:                              PHONE: 000-000-0000
        REMARKS:
        REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 09/07/2007  BOOK TIME: 19:12  BOOK TYPE: NORMAL

   ARREST DATE: 09/07/2007          BOOKING OFFICER: K.FITZGERALD
   ARREST DEPT: DPD                 CELL ASSIGNMENT:
 ARRST OFFICER: ADKINS                    MEAL CODE: 01  HOUSTON COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: 3RD SHIFT             CLASSIFICATION: HOUSTON
  TYPE SEARCH: PAT DOWN                WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                    REASON:
       AGENCY:                    REASON:
       AGENCY:                    REASON:
       AGENCY:                    REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
 RELEASE DATE: 09/07/2007  RELEASE TIME: 20:43    # DAYS SERVED:     1

RELEASE OFFICER: K.FITZGERALD
   RELEASE TYPE: ADVANTAGE BOND
        REMARKS: 1 X 1,000
        REMARKS:
        REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____    DATE:_____    TIME:_____

BOOK OFFICER:_____    DATE:_____    TIME:_____
```

```
                              HOUSTON COUNTY SHERIFFS OFFICE
 09/07/2007     19:27:33          INMATE CHARGE SHEET                        PAGE    3
 ============================================================================
 BOOKING NO: 070003791       INMATE NAME: WHITE HENRY HAROLD
 ============================================================================
   CHARGE NO:   1  DISPOSITION: PENDING             HOLD: N

 ALA STATUTE:                          # OF COUNTS:   1
     OFFENSE: UPCS                    WARRANT #: NO WA
      CASE #:
    BOND AMT: 1,000                         FINE:       $0.00
    BAIL AMT:
 INIT APPEAR: 10/09/2007           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 09/07/2007             ARST AGENCY: DPD
 ARST OFFICR: ADKINS                     COUNTY:
       COURT:                             JUDGE:
 DEF ATTORNY:                      DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
 ----------------------------------------------------------------------------
```

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | R84 Completed |
|---|---|
| ☐ Yes | ☐ Yes |
| ☐ No | ☐ No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

## IDENTIFICATION

| 1 ORI # | 2 Agency Name | 3 Case # | 4 SFX |
|---|---|---|---|
| AL 038 01 00 | DOTHAN POLICE DEPARTMENT | 1-07-dd 2136501 | |

**5 Last, First, Middle Name:** WHITE, HENRY HURALD

**6 Alias AKA**

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Skin | 15 |
|---|---|---|---|---|---|---|---|---|
| ☒M ☐F | ☒B ☐W ☐A ☐I | ☐Hispanic ☒Other | 6'3 | 165 | BRO | BLK | DRK | ☐Scars ☐Marks ☐Tattoos ☐Amputations |

**16 Place of Birth (City, County State):** DAWSON, TEXAS

**17 SSN:** 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

**18 Date of Birth:** 06 25 66

**19 Age:** 41

**20 Miscellaneous ID #:** 61001

| 21 SID # | 22 Fingerprint Class | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 OL# | 24 St |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class | | | | | | | | |
| 25 FBI # | NCIC Class | | | | | | | 26 Identification Comments | |

| 27 | 28 Home Address (Street, City, State, Zip) | 29 Residence Phone |
|---|---|---|
| ☒ Resident ☐ Non-Resident | 713 N. CHERRY ST APT #3 36301   DOTHAN AL | (334) |

| 30 Occupation (Be Specific) |
|---|

**31 Employer (Name of Company/School):** UNEMPLOYED

**32 Business Address (Street, City, State, Zip)**

**33 Business Phone:** ( )

## ARREST

**34 Location of Arrest (Street, City, State, Zip):** 713 N. CHERRY ST APT #3   DOTHAN AL 36301

| 35 Sector # | 36 Arrested for Your Jurisdiction? |
|---|---|
| 8118 | ☐ Yes ☐ No  ☒ In State ☐ Out of State Agency |

| 37 Condition of Arrestee: | 38 Resist Arrest? | 39 Injuries? | 40 Armed? | 41 Description of Weapon |
|---|---|---|---|---|
| ☐1 Drunk  ☐3 Sober | ☐1 Yes ☒2 No | ☒1 None ☐3 Officer | ☐1 Y ☒2 N | ☐1 Handgun ☐4 Other Firearm |
| ☒2 Drinking ☐4 Drugs | | ☐2 Arrestee | | ☐2 Rifle ☐5 Other Weapon |
| | | | | ☐3 Shotgun |

| 42 Date of Arrest | 43 Time of Arrest | 44 Day of Arrest | 45 Type of Arrest? | 46 Arrested Before? |
|---|---|---|---|---|
| 09 20 07 | 09:20 ☐AM ☐PM ☒MIL | ☐S ☐M ☒T ☐W ☐T ☐F ☐S  1 2 3 4 5 6 7 | ☒1 On View ☐2 Warrant ☐3 Call | ☒1 Yes ☐2 No ☐3 Unknown |

| 47 Charge - 1 | ☐ Fel ☒ Mis | 48 UCR Code | 49 Charge - 2 | ☐ Fel ☐ Misd | 50 UCR Code |
|---|---|---|---|---|---|
| U.P.I.C.S (COCAINE) | | 3532 | | | |

| 51 State Code/Local Ordinance | 52 Warrant # | 53 Date Issued | 54 State Code/Local Ordinance | 55 Warrant # | 56 Date Issued |
|---|---|---|---|---|---|
| 1A 12012 | | | | | M D Y |

| 57 Charge - 3 | ☐ Fel ☐ Misd | 58 UCR Code | 59 Charge - 4 | ☐ Fel ☐ Misd | 60 UCR Code |
|---|---|---|---|---|---|

| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |
|---|---|---|---|---|---|
| | | M D Y | | | M D Y |

| 67 Arrest Disposition | 68 If Out On Release What Type? | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| ☐1 Held ☐4 Tot - LE | | |
| ☐2 Bail ☐5 Other | | 70 Arrested with (2) Accomplice (Full Name) |
| ☐3 Released | | |

COPY

## VEHICLE

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO | Top | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bottom | | | |

| 79 VIN | 80 Impounded? | 81 Storage Location/Impound # |
|---|---|---|
| | ☐1 Yes ☐2 No | |

**82 Other Evidence Seized/Property Seized**

## JUVENILE

| 83 Juvenile Disposition: | ☐1 Handled and Released | ☐3 Ref. to Welfare Agency | ☐5 Ref. to Adult Court | 84 Released To | ☐ Continued in Narrative |
|---|---|---|---|---|---|
| | ☐2 Ref. to Juvenile Court | ☐4 Ref. to Other Police Agency | | | |

**85 Parent or Guardian (Last, First, Middle Name)**

**86 Address (Street, City, State, Zip)**

**87 Phone:** ( )

**88 Parents Employer**

**89 Occupation**

**90 Address (Street, City, State, Zip)**

**91 Phone:** ( )

## RELEASE

| 92 Date and Time of Release | 93 Releasing Officer Name | 94 Agency/Division | 95 ID # |
|---|---|---|---|
| M D Y ☐AM ☐PM ☐MIL | | | |

**96 Released To**

**97 Agency/Division**

**98 Agency Address**

| 99 Personal Property Released to Arrestee | 100 Property Not Released/Held At: | 101 Property # |
|---|---|---|
| ☐1 Yes ☐2 No ☐3 Partial | | |

**102 Remarks (Note Any Injuries at Time of Release)**

**103 Signature of Receiving Officer**

**104 Signature of Releasing Officer**

Local Use

State Use

| MULTIPLE CASES CLOSED | 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | 111 | MULTIPLE CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐Y ☐N |

| 112 Arresting Officer (Last, First, M.) | 113 ID # | 114 Arresting Officer (Last, First, M.) | 115 ID # | 116 Supervisor | 117 Watch Cmdr. |
|---|---|---|---|---|---|
| ADKINS, JASON VICE | 475 | | ID # | | ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

AC/JIC - 11-06



LEAVE BLANK

BLANK    CRIMINAL

STATE USAGE

NFF SECOND

SUBMISSION    APPROXIMATE CLASS    AMPUTATION    SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**WHITE, HENRY HAROLD**

LEAVE BLANK

SOCIAL SECURITY NO.
**467640287**

RSON FINGERPRINTED

ST NAME, MIDDLE NAME, SUFFIX

| DATE OF BIRTH   MM   DD   YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|------------------------------|-----|------|--------|--------|------|------|
| 19410625                     | M   | B    | 511    | 190    | BRO  | BLK  |

STATE IDENTIFICATION NO.

5701LD #npbase 20070921-15:53

D 50X50G8 TPFC #1107 19:42:44

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY    L. THUMB    R. THUMB    RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

THE FBI ACT OF 1974 (PL 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| | | |
|---|---|---|
| JUVENILE FINGERPRINT SUBMISSION | YES ☐ | DATE OF ARREST MM DD YY 20070907 |
| TREAT AS ADULT | YES ☐ | |

ORI  AL0380000
CONTRIBUTOR  HOUSTON CO SD
ADDRESS  DOTHAN AL

SEND COPY TO: (ENTER ORI)

DATE OF OFFENSE MM DD YY 20070907

REPLY DESIRED?  YES  [Y]

MISCELLANEOUS NUMBERS

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

PLACE OF BIRTH (STATE OR COUNTRY)  TX

COUNTRY OF CITIZENSHIP  US

RESIDENCE/COMPLETE ADDRESS
713     NORTH CHERRY ST

OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER)
J38
Keith Fitzgerald

LOCAL IDENTIFICATION/REFERENCE
61001

CITY  DOTHAN     STATE  363

EMPLOYER     IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO.

PHOTO AVAILABLE?  YES
PALM PRINTS TAKEN?  YES

CHARGE/CITATION
1.  20070907  5503
DRUGS
UPCS

2.  20070921  5503
DRUGS
UPCS

3.

OCCUPATION  DISABLED

DISPOSITION
1.

2.

3.

ADDITIONAL

ADDITIONAL

ADDITIONAL INFORMATION/BASIS FOR CAUTION

ADDITIONAL

STATE BUREAU STAMP

FD-249 (Rev. 5-11-99)

R-84 (Rev. 08-31-1999)

FINAL DISPOSITION REPORT

**Note:** This vital report must be prepared on each individual whose arrest fingerprints have been forwarded to the FBI Criminal Justice Information Services Division without final disposition noted thereon. If no final disposition is available to arresting agency, complete left side and forward the form when case referred to prosecutor and/or courts. Agency on notice as to final disposition should complete this form and submit to: **FBI, CJIS Division, Clarksburg, WV 26306.**

(See instructions on reverse side)

FBI No. _____

Final Disposition & Date
(If convicted or subject pleaded guilty to lesser charge, include this modification with disposition.)

Name on fingerprint Card Submitted to FBI
Last          First          Middle

**WHITE, HENRY HORALD**

**19410625**                          **M**

Date of Birth _____ Sex _____

Henry
Fingerprint _____
Classification
From FBI 1-B Response

State Bureau No. (SID)          Social Security No. (SOC)

**467640287**

This Form Submitted By:
(Name, Title, Agency, ORI No., City & State)

Contributor of Fingerprints (Include complete name and location of agency together with ORI number.)

**AL0380100**
**DOTHAN POLICE DEPT**
**DOTHAN AL**

_____          _____
Signature                          Date

_____
Title

Arrest No. (OCA)          Date Arrested or Received

**07-21365**                          **20070920**

☐ COURT ORDERED EXPUNGEMENT:

Certified or Authenticated Copy of Court Order Attached.

Offenses Charged at Arrest  **20070920    3532**
**COCAINE POSSESS**
**13A12212**

ID 50X50G8  TPFC  #DPD01 21:26:55
5701LD  #1x03CKP 20070920-21:43

1. The purpose of this report is to record the initial data of an individual's arrest and thereafter secure the final disposition of the arrest at the earliest possible time from either the arresting agency, the prosecutor or the court having jurisdiction. (INTERIM DISPOSITION INFORMATION, e.g. RELEASED ON BOND, SHOULD NOT BE SUBMITTED.)  The SUBJECT'S NAME, CONTRIBUTOR AND ARREST NUMBER should be exactly the same as they appear on the fingerprint card IN THE FILES OF THE FBI. The FBI number should be indicated, if known.  Agency ultimately making final disposition will complete and mail form to:  FBI Criminal Justice Information Services Division, Clarksburg, WV 26306.

2. The arresting agency should fill in all arrest data on left side of form.  If the arrest is disposed of by the arresting agency, as where the arrestee is released without charge, the arresting agency should fill in this final disposition and mail form to FBI Criminal Justice Information Services Division.  Of course, if the final disposition is known when the arrest fingerprint card is submitted it should be noted thereon and this form is then unnecessary.  In the event the case goes to the prosecutor, this form should be forwarded to the prosecutor with arrestee's case file.

3. The prosecutor should complete the form to show final disposition at the prosecution level if the matter is not being referred for court action and thereafter submit form directly to FBI Criminal Justice Information Services Division.  If court action required, the prosecutor should forward form with case file to court having jurisdiction.

4. The court should complete this form as to final court disposition such as when arrested person is acquitted, case is dismissed, on conviction and when sentence imposed or sentence suspended and person placed on probation.

5. When arrested person convicted or enters guilty to lesser or different offense that charged when originally arrested, this information should be clearly indicated.

6. If subsequent action taken to seal or expunge record, attach certified or authenticated copy of court order to this form.

7. It is vitally important for completion of subject's record in the FBI Criminal Justice Information Services Division files that Final Disposition Report be submitted in every instance where fingerprints previously forwarded without final disposition noted there on.

*U.S. Government Printing Office: 2005—310-414/82404

Houston County Jail
**Policy and Procedure Directive**

# INMATE CORRESPONDENCE

Date Issued: May 1, 1999                    Policy Number: E-601

## POLICY:

It is the policy of the Houston County Jail to encourage the exchange of correspondence between inmates and families and others for the purpose of maintaining family ties, solving the many problems brought about by incarceration, helping maintain contact with friends and the community and to help facilitate the inmates' need for legal services.

## PROCEDURE:

### POSTAGE AND WRITING MATERIALS

Inmates may write an unlimited amount of letters if they can pay for postage. Postage stamps will be sold through the commissary to inmates at cost, if available.

Inmates who are deemed by the Jail Administrator to be indigent may mail up to two personal letters each week with postage supplied by the jail. Unlimited postage will be given to indigent inmates for privileged mail.

At any time postage is provided for an indigent inmate, a record will be made of the amount provided and placed in the inmate's file.

Writing paper, envelopes and pencils will be made available to inmates through the commissary. Indigent inmates may obtain these items on the same basis as postage. Two stamps, two envelopes, and two sheets of paper will be provided.

### INCOMING MAIL

A member of the jail staff will receive incoming mail addressed to inmates and, except where circumstances prevent, deliver the correspondence to the inmate to whom it is addressed within 24 hours. Mail will be delivered to inmates only by a staff member and only directly to the inmate to whom it is addressed.

All correspondence addressed to an inmate which is received from an attorney, judge, court, or officer of the court may be opened only in the presence of the inmate. This mail may be examined only to determine that the shipping package does not contain contraband.

**EXHIBIT**

**G**

Houston County Jail
Policy and Procedure Directive

# INMATE CORRESPONDENCE

Date Issued:  May 1, 1999                                    Policy Number: E-601

General correspondence (non-privileged) may be opened and examined by a member of the jail staff before delivery to the inmate to whom it is addressed.  The jail staff will not read the mail unless he/she has reason to believe it contains evidence of a threat to public safety or a threat to the order and security of the jail facility.

Any material received in the mail which advocates violence or disruption of the security of the facility, which encourages criminal sexual behavior, or which advocates racial, religious, or national hatred that could cause danger of violence in the jail will be confiscated.  If there is any question regarding the acceptability of materials, the Sheriff or Jail Administrator will make the final decision.

If a jail officer confiscates contraband received in the mail, he/she shall turn it over to the Jail Administrator who in turn will determine if criminal charges will be filed or if the item will be placed in the inmate's property storage until the inmate is released.

At any time any item is confiscated from inmate mail or the mail is withheld or rejected, a written report shall be filed regarding the reasons for the action.  The written report will be filed in the inmate's file and a copy given to the inmate.

Books will be accepted for inmates only if they are sent directly from the publisher and the cover is not hard.

Inmates may not receive newspapers.

Mail received for persons no longer in custody will be returned to the sender.


## OUTGOING MAIL

Outgoing privileged correspondence may not be opened or inspected by members of the jail staff.

Non-privileged correspondence must be given to the jail staff unsealed for mailing so that the envelope might be inspected for contraband or other illegal contents.

Any outgoing mail that is rejected will be returned to the inmate.

With regard to illegal material or the confiscation of outgoing mail, the same procedure

Houston County Jail
Policy and Procedure Directive

# INMATE CORRESPONDENCE

Date Issued:  May 1, 1999                              Policy Number: E-601

should be followed as with incoming mail as listed above.

All correspondence from an inmate must include the inmate's name and return address on the outside of the envelope as follows:

>            Name of Inmate and Inmate Number
>            Houston County Jail
>            164 North Oates Street
>            Dothan, AL 36303

ACJS 6-009, 6-011, 6-013, 6-014, 6-015, 6-016